UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PETER LYOYA, as Personal Representative of the Estate of Patrick Lyoya, Deceased, <br> Plaintiff, <br><br> -v- <br><br> CHRISTOPHER SCHURR and THE CITY OF GRAND RAPIDS, <br> Defendants. | No. 1:22-cv-1160 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING EX PARTE MOTIONS

Defendant Christopher Schurr has filed two "*ex parte*" motions: a motion for leave to file exhibits in the traditional manner (ECF No. 8) and a motion for leave to exceed the local rules' word limit regarding dispositive motions (ECF No. 9). The Court will deny Defendant Schurr's *ex parte* motions.

Defendant Schurr fails to explain why he filed these motions *ex parte*. Pursuant to Local Rule 10.5, an *ex parte* filing is submitted to the Court in a manner that permits only the filing party and court personnel to view the document. *See* W.D. Mich. LCivR 10.5. Defendant Schurr has not articulated a reason why these perfunctory motions should not be viewable by Plaintiff. Moreover, Defendant Schurr will not be permitted to bypass this district's local rules by simply filing documents *ex parte*. Local Rule 7.1(d) requires parties filing non-dispositive motions to confer with the opposing party to determine whether the motion will be opposed, and to also file a separate certificate regarding concurrence informing the Court whether the motion will be opposed. *See* W.D. Mich. LCivR 7.1(d).

One purpose of this requirement is to avoid devoting Court time and resources to unopposed motions. That purpose has not been accomplished, as evidenced by this order. Filing motions *ex parte* does not justify Defendants Schurr's failure to follow the local rules.

To be clear, the Court typically grants requests for leave to file exhibits in the traditional manner and for leave to exceed the local rules' word limit, especially when such motions are unopposed. The Court would encourage Defendant Schurr to file these motions in the future when the need arises. While such motions and the resulting court orders may be perfunctory, the Court does not simply rubber stamp the requests. The moving party must actually follow the appropriate rules when seeking even the most routine and mundane relief.

**IT IS HEREBY ORDERED** that Defendant Schurr's motion for leave to file exhibits in the traditional manner (ECF No. 8) and motion for leave to exceed the word limit (ECF No. 9) are **DENIED**.

**IT IS SO ORDERED.**

Date: February 6, 2023                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge