UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LYOYA as the
Personal Representative for
THE ESTATE OF PATRICK LYOYA
(Deceased),

      Plaintiff,

v.

CHRISTOPHER SCHURR and
THE CITY OF GRAND RAPIDS,

      Defendants.

Case No. 1:22-cv-1160
Judge Paul L. Maloney
Mag. Sally J. Berens

**ORAL ARGUMENT REQUESTED**

| AYANNA D. HATCHETT (P70055) | TIMOTHY S. FERRAND (P39583) |
|---|---|
| VEN R. JOHNSON (P39219) | Cummings, McClorey, Davis & Acho, PLC |
| Attorneys for Plaintiff | Attorney for City of Grand Rapids |
| The Buhl Building | 19176 Hall Road, Suite 205 |
| 535 Griswold, Suite 2600 | Clinton Township, MI  48038 |
| Detroit, MI 48226 | (586) 228-5600 |
| (313) 324-8300 | tferrand@cmda-law.com |
| vjohnson@venjohnsonlaw.com | |
| ahatchett@venjohnsonlaw.com | T. JOSEPH SEWARD (P35095) |
| | KALI M. L. HENDERSON (P76479) |
| | Seward Henderson PLLC |
| | Attorneys for Christopher Schurr |
| | 210 E. 3rd St., Suite 212 |
| | Royal Oak, MI 48067 |
| | (248) 733-3580 |
| | jseward@sewardhenderson.com |

## DEFENDANT CITY OF GRAND RAPIDS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER [ECF NO. 41]

### ***ORAL ARGUMENT REQUESTED***

{01905578-1 }

Defendant CITY OF GRAND RAPIDS, by and through its attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, states as follows in response to Plaintiff's Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(b):

1.    Admitted that Plaintiff filed both the original Complaint and an Amended Complaint in this case on December 7, 2022. The allegations in the Complaint speak for themselves.

2.    Admitted.

3.    Admitted that the quoted language appears in Paragraph 47 of the Amended Complaint.

4.    Admitted that the quoted language appears in Paragraphs 49 and 58 of the Amended Complaint.

5.    Denied as untrue in fact and law.

6.    Admitted that Defendants Schurr and Grand Rapids filed motions to dismiss before this Court. Admitted that Plaintiff responded to both motions on April 7, 2023. Defendant denies the remainder of this allegation as untrue in law and fact. The motions to dismiss were filed on February 6, 2023.

7.    The motions and Plaintiff's responses thereto speak for themselves.

8.    Admitted that the Court issued an Opinion and Order denying Defendant Schurr's motion without holding oral argument. Admitted that the Opinion and Order was issued before discovery. In further response, it was regarding

{01905578-1} 1

a Motion to Dismiss filed under Fed. R. Civ. P. 12(b)(6).

9.    Denied as untrue in fact and law.  In further response, the Court did not rule that Plaintiff properly pled *Monell* violations.  Causation must be pled in order to properly plead a *Monell* violation, and the Court held that Plaintiff had failed to properly plead causation.

10.    Admitted that the Court held that Plaintiff properly failed to plead causation.

11.    Defendant lacks knowledge or information sufficient to respond to this allegation, and on that basis denies it.  In further response, Defendant does not know what Plaintiff would have done had this motion been argued in Court.  However, the paragraphs contained in his Complaint are not sufficient under Rule 8 to plead causation for the reasons articulated in Defendant's Motion to Dismiss and the Court's Opinion and Order granting that motion.

12.    Admitted the Court dismissed Grand Rapids from the lawsuit. Defendant denies the remainder of this allegation as untrue in law and fact.

13.    Admitted that Fed. R. Civ. P. 60(b) so provides.

14.    Admitted that Fed. R. Civ. P. 60(c) provides that a motion made under Rule 60(b) must be within a reasonable time.  Denied that Plaintiff filed this motion within 30 days of the Court's Order, which would have been September 27, 2023. Admitted that this motion was filed within one year of the Court's Order.

15.    Defendant denies that Plaintiff is entitled to the relief requested in this motion, and relies on the law and argument in the attached brief in support of its opposition.

WHEREFORE, for all these reasons and for those in the attached brief, Defendant CITY OF GRAND RAPIDS, respectfully requests this Honorable Court enter an Order denying Plaintiff's Motion for Relief from Judgment, and denying Plaintiff's request to amend his Complaint.

Respectfully submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By:    */s/ Timothy S. Ferrand*
       TIMOTHY S. FERRAND (P39583)
       Attorney for City of Grand Rapids
       19176 Hall Road, Suite 205
       Clinton Township, MI 48038
Dated: October 18, 2023    (586) 228-5600

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LYOYA as the
Personal Representative for
THE ESTATE OF PATRICK LYOYA
(Deceased),

Plaintiff,

v.

CHRISTOPHER SCHURR and
THE CITY OF GRAND RAPIDS,

Defendants.

Case No. 1:22-cv-1160
Judge Paul L. Maloney
Mag. Sally J. Berens

**ORAL ARGUMENT
REQUESTED**

| | |
|---|---|
| AYANNA D. HATCHETT (P70055) | TIMOTHY S. FERRAND (P39583) |
| VEN R. JOHNSON (P39219) | Cummings, McClorey, Davis & Acho, PLC |
| Attorneys for Plaintiff | Attorney for City of Grand Rapids |
| The Buhl Building | 19176 Hall Road, Suite 205 |
| 535 Griswold, Suite 2600 | Clinton Township, MI  48038 |
| Detroit, MI 48226 | (586) 228-5600 |
| (313) 324-8300 | tferrand@cmda-law.com |
| vjohnson@venjohnsonlaw.com | |
| ahatchett@venjohnsonlaw.com | T. JOSEPH SEWARD (P35095) |
| | KALI M. L. HENDERSON (P76479) |
| | Seward Henderson PLLC |
| | Attorneys for Christopher Schurr |
| | 210 E. 3rd St., Suite 212 |
| | Royal Oak, MI 48067 |
| | (248) 733-3580 |
| | jseward@sewardhenderson.com |

## BRIEF REGARDING DEFENDANT CITY OF GRAND RAPIDS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER

## ***ORAL ARGUMENT REQUESTED***

{01905578-1 }

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES.................................................................. ii

STATEMENT OF QUESTIONS PRESENTED ....................................................iv

STATEMENT OF FACTS ...................................................................1

LAW AND ARGUMENT ......................................................................4

I.    Legal Standard ..................................................................4

II.   This Motion is an Improper Attempt to Relitigate Issues Already Decided ...5

III.  Plaintiff Has Failed to Show That Any of the Enumerated Reasons

      Contained in Rule 60(b) Apply to Warrant Relief from Judgment .................7

      A.    Plaintiff's Motion Fails to Show Mistake, Inadvertence, Surprise, or

            Excusable Neglect Under Rule 60(b)(1) ................................7

      B.    Plaintiff's Motion Fails to Show Any Other Reason that Justifies

            Relief Under Rule 60(b)(6) .................................................13

IV.   The Requested Amendment Should be Denied .............................................14

RELIEF REQUESTED...................................................................18

CERTIFICATE OF COMPLIANCE .......................................................19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ...................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)........................................................................................................................9

*Berry v. City of Detroit*, 25 F.3d 1342, 1344 (6th Cir. 1994)...................................12

*Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2021).........................................................................................5

*Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 364 (6th Cir. 2001)...............7

*City of Highland Park, Mich. v. United States Env't Prot. Agency*, No. 22-1288, 2023 WL 6147269, at *2 (6th Cir. Sept. 20, 2023) ................................................5

*Dassault Systemes, SA v. Childress*, 828 Fed. Appx. 229, 249 (6th Cir. 2020) ........6

*Doe v. Boland*, No. 21-3517, 2022 WL 2053256, at *2 (6th Cir. Mar. 2, 2022) ......4

*Donaldson v. Central Mich. Univ.*, 109 Fed. Appx. 15, 18 (6th Cir. 2004)..............6

*Erby v. Kula*, 98 Fed. Appx. 405, 407 (6th Cir. 2004) .............................................6

*Ferro Corp.*, 511 F.3d at 623 ..................................................................................14

*Ferro Corp.*, 511 F.3d at 624 ..................................................................................14

*Gambrel*, 25 F.4th at 409 ..........................................................................................2

*Glasson v. Aerospace Sci., Inc.*, 872 F.3d 336, 339 (6th Cir. 2017) ........................4

*In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) ................13

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997)........................................................................................................14

*Iqbal*, 556 U.S. at 678 ...............................................................................................9

*Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019) .......................2, 12

*Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).........................................5

*Johnson*, 357 F.3d at 544 ..........................................................................................6

*Kelmendi v. Detroit Bd. of Educ.,* 780 Fed. Appx. 310, 312-13 (6th Cir. 2019).....14

*Kelmendi*, 780 Fed. Appx. at 313 ............................................................................14

*Kostrzewski v. Wyoming,* No. 1:20-cv-682, 2021 WL 5310894, at *7 (W.D. Mich. May 7, 2021)............................................................................................................12

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ......................................................................................................................13

*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616-17 (6th Cir. 2010) ......................................................................................................................15

*Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002).......................................14

*Morse*, 290 F.3d at 800 ...................................................................................15

*Pineda v. Hamilton Cty., Ohio,* 977 F.3d 483, 495-96 (2020) ................................17

*Pond v. Haas*, 674 Fed. Appx. 466, 472 (6th Cir. 2016).........................................14

*Pond*, 674 Fed. Appx. at 472-73 ..........................................................................15

*Riley v. Kurtz*, No. 1:05-cv-269, 2006 WL 2356178, at *1 (W.D. Mich. Aug. 15, 2006) .................................................................................................................6

*Rohner*, 634 Fed. Appx. at 506 .............................................................................8

*Thompson v. Barkey*, 60 Fed. Appx. 585, 587 (6th Cir. 2003)................................5

*Twombly*, 550 U.S. at 556-57, 570.........................................................................9

*Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)............................................5

*United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)......................................8

*United States v. Rohner*, 634 Fed. Appx. 495, 506 (6th Cir. 2015) ........................5

**Rules**

Fed. R. Civ. P. 60(b) ............................................................................................5

Fed. R. Civ. P. 60(b)(6)........................................................................................13

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

I.    Should Plaintiff's Motion for Relief Under Rule 60(b) be denied where it simply reiterates claims previously raised in opposition to Defendant City's Motion to Dismiss, and relitigates issues already decided?

      Defendant City says:      yes

      Plaintiff says:      no

      This Court says:

II.    Should Plaintiff's Motion for Relief Under Rule 60(b)(1) be denied where Plaintiff fails to show any mistake, inadvertence, surprise, or excusable neglect has occurred?

      Defendant City says:      yes

      Plaintiff says:      no

      This Court says:

III.    Should Plaintiff's Motion for Relief Under Rule 60(b)(6) be denied where Plaintiff has failed to show the existence of any exceptional or extraordinary circumstances or unusual or extreme situations mandating relief exist?

      Defendant City says:      yes

      Plaintiff says:      no

      This Court says:

IV.    Should Plaintiff's request to amend his Complaint be denied where Plaintiff has failed to meet the

requirements to re-open the case under Rule 60(b) and the requested amendment would be futile?

Defendant City says:        yes

Plaintiff says:             no

This Court says:

## <u>STATEMENT OF FACTS</u>

This lawsuit arises out of the fatal shooting of Patrick Lyoya by Grand Rapids Police Officer Christopher Schurr on April 4, 2022. Plaintiff Peter Lyoya is the Personal Representative of the Estate of Patrick Lyoya (**ECF No. 2**, PageID.16) He filed a three-count Complaint against Officer Schurr and the City of Grand Rapids asserting Excessive Force against Defendant Schurr (Count I), Municipal Liability against Defendant City (Count II), and a pendant state law claim for Gross Negligence and Willful and Wanton Misconduct against Defendant Schurr (Count III).  (**Id.**, PageID.21-25)

Defendant City filed a Motion to Dismiss pursuant to Rule 12(b)(6).  (**ECF No. 18, 36**).  Plaintiff opposed the motion. (**ECF No. 27**)

On August 28, 2023, the Court granted the City's motion.  (**ECF No. 39**) The Court noted that "Plaintiff alleges that the City (1) failed to train, supervise, and discipline its officers on the use of excessive force, and (2) had an ongoing practice or custom of racial discrimination within the police department."  (**Id.**, PageID.658) The Court found that Plaintiff failed to identify any causal connection between the City's training and/or supervision of officers and/or the allegation of a custom of racial discrimination and the force deployed by Officer Schurr in this instance.  (**Id.**, PageID.660-62)

This Court explained that "[i]n order to show that a municipality is liable for

a failure to train its employees, a plaintiff must establish that…the inadequacy was closely related to or actually caused the injury."  (**Id.**, PageID.660) (citing *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019).  Plaintiff's Complaint falls short because Plaintiff "failed to plead sufficient facts supporting the conclusion that the City's lack of training was the cause of the deprivation of Patrick's constitutional rights."  (**Id.**, PageID.661) The Court wrote:

> The complaint conclusively alleges that the City's failure to train its law enforcement officers on the proper use of force 'was the cause and moving force behind the violations and harm suffered' by Patrick. (*Id.* at PageID.22, ¶ 49).  However, it does not explain how the City's inadequate training regarding use of force caused Schurr to allegedly use excessive force on Patrick, nor that the City could not reasonably foresee Schurr using excessive force due to a lack of training. *See Gambrel*, 25 F.4th at 409.  In other words, the amended complaint fails to allege specific *facts* supporting causation.  The complaint instead focuses on the City's treatment of Schurr *after* he allegedly used excessive force, not before (*see* ECF No. 2 at PageID.23, ¶ 53-54).  Indeed, the complaint fails to identify any connection between the lack of training and Schurr's specific use of force on Patrick.

(**ECF No. 39**, PageID.660-61)

Likewise, this Court found that "[t]he complaint fails to plead any link between [the City's] alleged custom of racial discrimination and Schurr's allegedly discriminatory actions toward Patrick."  (**Id.**, PageID.662)

> Instead, it perfunctorily states, "Tragically, and predictably, [the] City's unconstitutional policies, procedures, protocols, and customs, are the moving force behind the constitutional violations complained of here and Patrick's death." (*Id.* ¶ 58).  This allegation contains no facts regarding causation – which the Court would accept as true – in order to allow this claim to proceed.

(**ECF No. 39**, PageID.662) As such, the Court granted the City's motion.  (**Id.**, PageID.662-63)

The Court's Order was entered on August 28, 2023. Plaintiff did not file a timely motion for rehearing or reconsideration. Nor did he file a timely motion to amend the Complaint. Instead, Plaintiff filed this Motion for Relief from Order Pursuant to Federal Rule of Civil Procedure 60(b), or, in the alternative, a Motion to Amend the Complaint (post-dismissal).  (**ECF No. 41**) Plaintiff's motion should be denied.

First, this motion simply reiterates the arguments Plaintiff made in response to Defendant City's Motion to Dismiss. The motion is an untimely, misidentified request for reconsideration, which does not state a viable claim for relief under Rule 60(b) as a matter of law.

Second, the motion contains no factual or legal development supporting any of the enumerated reasons contained in Rule 60(b) to warrant relief from judgment. Plaintiff claims that the reasons outlined in subsections (b)(1) and (b)(6) are applicable.  (*See* **ECF No. 41,** PageID.669) However, the brief does not identify any substantive mistake of law or fact in the Court's order, as required by subsection (b)(1), and does not identify any "exceptional or extraordinary circumstances" or "unusual or extreme situations *mandating* relief," as required for relief under subsection (b)(6).

Plaintiff cannot prove entitlement to relief under Rule 60(b). Further, Plaintiff has neither attached a proposed amended complaint nor explained in the brief what *facts* he would plead to cure the deficiencies outlined by the Court in its Order dismissing the municipal liability claim. Specifically, Plaintiff has again failed to identify any constitutionally mandated training that was not provided, and failed to show how the absence of that training caused this incident. Plaintiff has also failed to plead facts supporting an alleged custom of racial discrimination or to connect the alleged custom, by any fact or allegation, to the use of force at issue herein.

## LAW AND ARGUMENT

### I.    *Legal Standard*

"A party seeking to undo a final judgment 'faces a steep uphill climb.'" *Doe v. Boland*, No. 21-3517, 2022 WL 2053256, at *2 (6th Cir. Mar. 2, 2022) (quoting *Glasson v. Aerospace Sci., Inc.*, 872 F.3d 336, 339 (6th Cir. 2017)) (**Ex. A**). "Federal Rule of Civil Procedure 60 'prescribes the exclusive methods by which federal judgments may be attacked." *Id.*

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) [to] warrant relief from judgment." *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).  "This reflects an underlying 'public policy favoring finality of judgments and termination of litigation.'" *City of Highland Park, Mich. v. United States Env't Prot. Agency*, No. 22-1288, 2023 WL 6147269, at *2 (6th Cir. Sept. 20, 2023) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2021)) (**Ex. B**).

## II.    This Motion is an Improper Attempt to Relitigate Issues Already Decided

"[A] party may not use a Rule 60(b) motion as 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *United States v. Rohner*, 634 Fed. Appx. 495, 506 (6th Cir. 2015) (citing *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)).  "Likewise, a district court acts within its discretion if it denies Rule 60(b) relief where a party seeks to 'relitigate issues already decided.'" *Id.* (citing *Thompson v. Barkey*, 60 Fed. Appx. 585, 587 (6th Cir. 2003)).

A motion that "simply reiterate[s] claims that were previously raised in his

opposition to the defendant's motion to dismiss" is properly denied.  *Erby v. Kula*, 98 Fed. Appx. 405, 407 (6th Cir. 2004).  *See also Johnson*, 357 F.3d at 544 (a motion that "merely rephrases the allegations contained in the complaint" does not cite any grounds for relief under Rule 60(b)); *Dassault Systemes, SA v. Childress*, 828 Fed. Appx. 229, 249 (6th Cir. 2020) (A Rule 60(b) motion based on arguments the court has previously rejected is properly denied); *Donaldson v. Central Mich. Univ.*, 109 Fed. Appx. 15, 18 (6th Cir. 2004) ("A movant under Rule 60(b) fails to demonstrate entitlement to relief under any subsection when he simply rephrases his prior allegations."); *Riley v. Kurtz*, No. 1:05-cv-269, 2006 WL 2356178, at *1 (W.D. Mich. Aug. 15, 2006) (same) (**Ex. C**).

Plaintiff's motion merely reiterates the claims in the Complaint and the arguments made in response to Defendant City's Motion to Dismiss and asks the Court to change its ruling.  (**ECF No. 41,** PageID.680-86) Indeed, Plaintiff's brief reproduces **word-for-word** the "Law and Argument" contained in his response to Defendant City's Motion to Dismiss.  (Compare **ECF No. 41**, PageID.680-84 with **ECF No. 27**, PageID.516-22) He reiterates the content of the existing Complaint, which the Court has already considered, and ruled upon.  (**ECF No. 41**, PageID.684-85)

As such, Plaintiff's motion is an untimely, misidentified request for reconsideration, which raises the same issues based on the same pleadings and legal

arguments already presented and decided. It does not articulate facts or law supporting any reason for relief under the subsections of Rule 60(b) and should be denied as a matter of law.

### III.    Plaintiff Has Failed to Show That Any of the Enumerated Reasons Contained in Rule 60(b) Apply to Warrant Relief from Judgment

Plaintiff's motion states: "FRCP 60 (b) provides this court with discretion and authority to provide Plaintiff relief from the above order due to mistake, inadvertence, surprise or excusable negligent [sic] and/or any other reason that justifies relief." (**ECF No. 41,** PageID.669) However, Plaintiff fails to show he is entitled to relief under subsections (b)(1) or (b)(6). Indeed, aside from parroting Rule 60(b) once, Plaintiff cites no law or fact related in any way to the standards for relief under Rule 60.  The entire motion is a rehash of his arguments in opposition to Defendant's Motion to Dismiss.

### A. Plaintiff's Motion Fails to Show Mistake, Inadvertence, Surprise, or Excusable Neglect Under Rule 60(b)(1)

"Fed. R. Civ. P. 60(b)(1) allows the court to set aside a judgment in cases of 'mistake, inadvertence, surprise or excusable neglect.'"  *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 364 (6th Cir. 2001).  "This subsection permits relief 'in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'"  *Rohner*, 634 Fed. Appx. at

506 (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

Read generously, Plaintiff's motion attempts to make the latter argument. However, Plaintiff does not identify any fact which the Court misunderstood or misapplied. Nor does he identify any alleged substantive mistake of law upon which the Court relied. The Court determined that the allegations contained in the Complaint do not contain specific *facts* supporting a causal link between training and/or the alleged custom of racial discrimination and the force utilized in this case.

Plaintiff's brief reiterates the same allegations made in the same Complaint the Court considered and rejected, and then argues (without citation to any authority) that "Defendant was provided with far more concrete evidence and a far clearer theory of municipal liability than municipal defendants typically receive at the initial pleading stage," and as Defendant was "a sophisticated litigant represented by experienced counsel," it should have been "on notice of Plaintiff's causation theory." (**ECF No. 41**, PageID.684, 686-87)

The Rule 8 pleading standards do not incorporate a "sophisticated litigant" exception. Further, there is no foundation (or relevance) for Plaintiff's conclusory assertions regarding the sufficiency of other pleadings in other litigation. The only matter at issue is this Court's determination that the conclusory statements regarding causation contained in Plaintiff's Complaint will not support a valid municipal liability claim *in this litigation*. That determination is based in fact (the pleadings)

and is well-grounded in law. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57, 570) (internal citations omitted).

Plaintiff reiterates that his Complaint "detail[s] how the City exonerated its officers in 97.5% of excessive force complaints in a five year period between 2015 and 2020… [and that] even when officers are found to have used excessive force, they are not disciplined or punished sufficiently." (**ECF No. 41,** PageID.684) Plaintiff further argues that his Complaint alleges that the City "has a history of complaints regarding officers unreasonably pulling their firearms when interacting with minorities," and "an ongoing practice of racial discrimination in which black drivers are twice as likely to be pulled over as white drivers." (**Id.**, PageID.685)

Plaintiff claims that the "Michigan Department of Civil Rights has received over 60 complaints relating to racial profiling and disparate treatment of minorities by the Grand Rapids Police Department and has announced that it is conducting an investigation into the allegations." (**Id.**)

These are the same allegations and the same arguments which were asserted by Plaintiff in response to Defendant's Motion to Dismiss, and considered and rejected by the Court when it issued its Order.  The raw statistics regarding the "percentage" of unsubstantiated "use of force" complaints and the raw "number of profiling complaints" cited by Plaintiff do not demonstrate a history of constitutional violations regarding the use of "lethal force," or any logical, factual, or legal connection to the force deployed by Officer Schurr in this case. The raw number of use of force complaints -- without context regarding sustained allegations of force or the City's response thereto – does not show a history of abuse or a failure to respond to any established instance of excessive force.

At face value, the allegation demonstrates a small number of sustained incidents of excessive force.  There is no allegation regarding the City's response to the sustained allegations (discipline, termination, re-training). The allegation does not reference one incident of lethal force. It does not demonstrate that Officer Schurr was aware of these complaints, any prior complaint, or sustained or non-sustained incident of excessive force or lethal force. The allegation does not connect Officer

Schurr's use of force in this incident to any prior use of force or a pattern of incidents of excessive force. There remains no factual or logical connection to prior allegations of excessive force and this event. The bald, conclusory allegation that prior complaints "caused" or "allowed" Officer Schurr to use excessive force is not supported by the pleadings.

Further, the present litigation contains neither a Fourteenth Amendment Equal Protection Claim nor any other theory of discrimination based on race. The unsupported allegation that minorities were disproportionately subjected to traffic stops is not factually or logically connected to the issue in this case (whether the use of lethal force was excessive). Plaintiffs have not identified a connection between traffic stops allegedly based on race and the use of lethal force in this or any or any other instance. There are no facts asserted to show that Officer Schurr was aware of prior traffic stops, allegations of disproportionate traffic stops, or complaints regarding traffic stops. There are no facts alleged to explain why a prior traffic stop would cause or be connected to the use of force in this instance. Indeed, the video evidence unequivocally establishes that lethal force was not deployed because the Plaintiff was driving a car. Lethal force was deployed following a prolonged physical struggle with active physical resistance in which Schurr attempted to gain control via multiple alternative methods before ever drawing his firearm. The Complaint does not identify any prior similar occurrence. Nor does it assert that this

officer was aware of (or involved in) any prior similar occurrence. The Complaint does not assert that this officer was aware of (or involved in) any prior traffic stops of minorities. The assertion that this officer used lethal force because of prior traffic stops of minorities lacks any logical, factual, or legal connection.

Likewise, the Complaint does not demonstrate that this officer was improperly trained in relation to the use of lethal force. It does not identify a training deficit related to the use of lethal force or show how that the training deficit caused this officer to use lethal force. The allegations in the Complaint are not logically or rationally connected to the constitutional violation being alleged.

As this Court already properly concluded, "the issue is not whether there may have been a failure to discipline in certain instances;" the issue is whether "the City's failure in this regard amounted to deliberate indifference to the rights of its citizens, which failure proximately caused" the specific injury complained of in the Complaint. *Berry v. City of Detroit*, 25 F.3d 1342, 1344 (6th Cir. 1994). That is, the Complaint must allege *facts* showing that the alleged deficiencies in training and/or the City's alleged custom of discrimination were "closely related to or actually caused" Patrick's death, not conclusory statements, parroted legal elements, unsupported speculation, or actions taken after the fact. *Jackson v. City of Cleveland,* 925 F.3d 793, 834 (6th Cir. 2019); *Kostrzewski v. Wyoming,* No. 1:20-cv-682, 2021 WL 5310894, at *7 (W.D. Mich. May 7, 2021) (**ECF No. 18-9**).

The statements Plaintiff points to in his motion included in Paragraphs 47, 49, and 58 of his Complaint are not *facts* the Court must consider true in assessing the Complaint; they are unsupported statements, labels, and conclusions the Supreme Court has counseled are unacceptable under Rule 8.  *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (A complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action, they must show *entitlement* to relief.")

Without such facts, Plaintiff has not, and cannot, plead a valid municipal liability claim. Plaintiff's reiteration of these same allegations from the existing Complaint, based on the same legal arguments previously considered and rejected by this Court, does not demonstrate a substantive mistake of law, and does not identify a mistake of fact upon which this Court's order dismissing the claims against the City is based.

### B. Plaintiff's Motion Fails to Show Any Other Reason that Justifies Relief Under Rule 60(b)(6)

Under Rule 60(b)(6), the Court may relieve a party from a final judgment or order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b)(6) is available only "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the rule."  *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).  "This is because almost every conceivable ground for relief is covered under the other subsections of Rule

60(b).  Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Ferro Corp.*, 511 F.3d at 623.  *See also Kelmendi v. Detroit Bd. of Educ.,* 780 Fed. Appx. 310, 312-13 (6th Cir. 2019).  The moving party must show more than purported errors in the court's legal reasoning in the opinion accompanying the underlying judgment to properly invoke this subsection.  *Kelmendi*, 780 Fed. Appx. at 313.

Plaintiff's brief fails to identify any "exceptional or extraordinary circumstances" or "unusual or extreme situations *mandating* relief" exist in this case. Although Plaintiff cites Rule 60(b)(6), he makes no attempt to explain how it applies here. Plaintiff simply disagrees with this Court's analysis of the law based on the pleadings.  This is not a valid claim for relief under Rule 60(b)(6) as a matter of law.

## IV.    *The Requested Amendment Should be Denied.*

Although the federal rules plainly embody a liberal amendment policy, "there is a 'heavier burden' when requests to amend are made after an adverse judgment. 'Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60.'" *Pond v. Haas*, 674 Fed. Appx. 466, 472 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)).  *See also Ferro Corp.*, 511 F.3d at 624 (citing *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) ("A complaint cannot be amended after dismissal

unless the court first re-opens the judgment under Rule 59 or 60, and then determines that amendment is warranted.")

If the party meets the requirements for Rule 60(b), the Court may still deny the request for the same reasons it may deny leave to amend under Rule 15 – undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice on the opposing party, or if the amendment would be futile. *Pond*, 674 Fed. Appx. at 472-73. It must also "take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Id.* at 473 (quoting *Morse*, 290 F.3d at 800). "This latter inquiry includes asking whether the claimant has made a 'compelling explanation' for failing to seek leave to amend prior to the entry of judgment. It is intended to keep plaintiffs from using the district court 'as a sounding board to discover holes in their arguments,' and from avoiding the narrow ground from post-judgment relief under Rule 59 and 60." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616-17 (6th Cir. 2010)).

For the reasons outlined above, Plaintiff has not identified a basis for relief under Rule 60. The request for amendment is properly denied for that reason alone. Furthermore, Plaintiff does not include a proposed amended complaint (the Amended Complaint filed as Exhibit A to his motion is the operative Complaint filed on December 7, 2022 - **ECF No. 2**). Therefore, neither the Court nor Defendants are

able to fully properly analyze the proposed amendment.

Regardless, based on Plaintiff's brief, the requested amendment would be futile. Plaintiff makes no attempt to explain what *facts* he would plead that would cure the deficiencies outlined by the Court in its Order of Dismissal.  His motion suggests an amendment to state: "by creating an environment that permitted targeting of minorities and that excused uses of excessive force, Grand Rapids set a chain of events in motion through which Schurr felt justified in pulling over a Black man without legal justification and then did not hesitate to use lethal force without justification or warning.  Schurr's confidence in his ability to do those things without consequence was proven correct initially when Grand Rapids ratified his conduct." (**ECF No. 41**, PageID.686)

The present litigation does not contain a Fourteenth Amendment Equal Protection Claim. The Complaint asserts only a Fourth Amendment Excessive Force claim. There are no facts pled to support the bald assertion that minorities are targeted for traffic stops or experiencing excessive force at a rate different from any other persons. There is only a suggestion of the percentage of non-sustained excessive force claims. There are no facts pled to support the bald assertion that Grand Rapids permitted the use of excessive force against minorities, or any other persons. The only allegation pled is that 95% of use of force claims were found to be unsubstantiated. Without further analysis or support, this means that 5% of use of

force claims are substantiated. There are no facts pled to demonstrate how Grand Rapids responds to a sustained claim of excessive force, and no facts pled regarding the re-training, discipline, and other actions that follow.

There are no facts pled regarding Officer Schurr's involvement in or knowledge of any prior complaint, or his knowledge of the factual basis for any complaint or any resulting discipline and or retraining. There are no facts pled to explain how or why an alleged "environment of targeting minorities" for traffic stops caused Officer Schurr to use lethal force under the facts of this encounter.

These conclusory, unsupported, speculative labels do not address lethal force, or the training officers receive regarding the use of lethal force. They do not identify a constitutional defect in the training program related to the use of lethal force or a causal connection between training and Officer Schurr's alleged use of lethal force here. The unfounded allegation that minorities are targeted in traffic stops has no logical nexus to the use of lethal force following a prolonged physical struggle with active resistance as occurred in this case. This alleged custom of racial discrimination is entirely disconnected from the constitutional violation alleged herein, and the facts and circumstances at issue in this case.

Finally, as this Court has already explained, an entity's response *after* the alleged constitutional deprivation (Plaintiff's allegation of ratification) **cannot prove causation.** *Pineda v. Hamilton Cty., Ohio,* 977 F.3d 483, 495-96 (2020). For

these reasons the proposed amendment would be futile, and this delinquent motion to amend should be denied.

## **RELIEF REQUESTED**

WHEREFORE, for all these reasons, Defendant CITY OF GRAND RAPIDS, respectfully requests this Honorable Court enter an Order denying Plaintiff's Motion for Relief from Judgment and denying Plaintiff's request to amend his Complaint.

Respectfully submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By:   */s/ Timothy S. Ferrand*
TIMOTHY S. FERRAND (P39583)
Attorney for City of Grand Rapids
19176 Hall Road, Suite 205
Clinton Township, MI 48038
Dated: October 18, 2023    (586) 228-5600

## ***CERTIFICATE OF SERVICE***

I hereby certify that on October 18, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [none]

***Cummings, McClorey, Davis & Acho, PLC***

By:   /s/ Timothy S. Ferrand

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the word limit of LCivR 7.3(b)(i) because, excluding the parts exempted by LCivR 7.2(b)(i), it contains 4,300 words. The word count was generated using Microsoft Word for Microsoft 365 MSO (Version 2205).

Respectfully submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By:    <u>*/s/ Timothy S. Ferrand*</u>
         TIMOTHY S. FERRAND (P39583)
         Attorney for Defendant
         19176 Hall Road, Suite 205
         Clinton Township, MI 48038
Dated: October 18, 2023    (586) 228-5600