**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PETER LYOYA as the
Personal Representative for
THE ESTATE OF PATRICK LYOYA
(deceased),

    *Plaintiff*,

v.

CHRISTOPHER SCHURR and
THE CITY OF GRAND RAPIDS,
    *Defendants*.

Case No. 1:22-CV-1160

Hon.  Paul L. Maloney
Mag. Judge Sally J. Berens

---

VEN R. JOHNSON (P39219)
ARISTIDI D. PAPIOANNOU (P81049)
**JOHNSON LAW, PLC.**
Attorneys for Plaintiff
The Buhl Building
535 Griswold, Ste 2600
Detroit, MI  48226
(313) 324.8300
vjohnson@venjohnsonlaw.com

TIMOTHY S. FERRAND (P39583)
**CUMMINGS, McCLOREY, DAVIS& ACHO, PLC.**
Attorney for the City of Grand Rapids
19176 Hall Road, Ste 220
Clinton Twp., MI  48038
(586) 228.5600
tferrand@cmda-law.com

T. JOSEPH SEWARD (P35095)
KALI M. L. HENDERSON (P76479)
**SEWARD HENDERSON, PLLC.**
210 East. 3rd Street, Ste 212
Royal Oak, MI  48067
(248) 733.3580
jseward@sewardhenderson.com
khenderson@sewardhenderson.com

---

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE MOTION FOR RELIEF FROM ORDER PURSUANT TO FED R. CIV. P. 60(b)**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................ii

COUNTER ARGUMENT ...................................................................................1

    I.     Plaintiff is entitled to relief as a result of a mistake of law......................1

    II.    Minimally, Plaintiff should be afforded an opportunity
          to amend his complaint, which would not be futile ...............................5

CONCLUSION.....................................................................................................8

# INDEX OF AUTHORITIES

*Cacevic v. City of Hazel Park*,
226 F.3d 483 (6th Cir. 2000) ........................................................................ 1

*Janikowski v. Bendix Corp*,
823 F.2d 945 (6th Cir. 1987)......................................................................... 8

*Swierkiewicz v Sorema NA*,
534 US 506 (2002)........................................................................................ 7

*Tefft v. Seward*,
689 F.2d 637 (6th Cir. 1982) ........................................................................ 8

*United States v. Reyes*,
307 F.3d 451 (6th Cir. 2002) ........................................................................ 1

*Wright v City of Euclid*,
962 F3d 852 (6th Cir., 2020)................................................................. passim

# PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. Civ. P. 60(b)

### COUNTER ARGUMENT

In opposing Plaintiff's motion for Relief from Judgment pursuant to Fed. R. Civ. P. (60(b), Defendant asserts that Plaintiff has failed to demonstrate both that relief is proper under Rule 60(b) and that there is a basis on which Plaintiff's complaint could be amended that would not be futile. Plaintiff will briefly address each argument in turn.

### I. Relief is proper under Rule 60(b)

As the Sixth Circuit has explained, Rule 60(b)(1) relief "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake . . ., or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Respectfully, Plaintiff submits that this Court made a mistake of law when it held that Plaintiff's complaint did not satisfy the liberal notice pleading rules relative to his claim of municipal liability.

In contending that this Court's order granting dismissal to the City of Grand Rapids was legally correct, Defendant generally argues that the portions of

1

Plaintiff's complaint cited in the motion for relief fail to establish a factual basis for a claim of municipal liability. Defendant does not deny that Plaintiff has cited statistics demonstrating that the City overwhelmingly clears its officers in the face of claims of excessive force nor does it deny the accuracy of those statistics. Likewise, Defendant does not deny the accuracy of Plaintiff's allegations regarding the Grand Rapids Police Department disproportionately targeting minorities in traffic stops. Instead, Defendant asserts that those facts cannot give rise to a claim of municipal liability and did not support Plaintiff's allegation that the policies, practices, procedures and customs of Grand Rapids were the moving force behind the underlying use of force.

Municipalities can, as this Circuit has recognized, foster a climate or a culture where officers understand that constitutional violations will be tolerated. For example, in previously ruling that summary judgment was not available to a municipal defendant in a case with an underlying claim of excessive force, the Sixth Circuit stated that "A reasonable jury could find that the City's excessive-force training regimen and practices gave rise to a culture that encouraged, permitted, or acquiesced to the use of unconstitutional excessive force, and that, as a result, such force was used on Wright." *Wright v City of Euclid*, 962 F3d 852, 881 (CA 6, 2020).

In *Wright*, the District Court granted summary judgment to the municipal Defendant, and the Sixth Circuit reversed. Two portions of that opinion are of use

in the present case. First, the opinion noted that the Plaintiff "argue[d] that the Euclid Police Department has a custom of permitting or acquiescing to the use of excessive force, which directly caused his injury." Id. at 880. In making that argument, it does not appear that the Plaintiff in *Wright* provided any sort of statistical evidence to support his allegations. Instead, as the Court explained, the Plaintiff cited to the tone of Defendant's training materials for its officers, which were comedic in nature and generally made light of the topic of use of force. After describing the improper tone of those materials, the Court stated that

> Wright has produced enough evidence such that a reasonable jury could find that the City's custom surrounding use of force is so settled so as to have the force of law and that it was the moving force behind violations of Wright's constitutional rights. We therefore REVERSE the district court's grant of summary judgment on the issue of municipal liability under § 1983. [*Id*. at 881.]

The *Wright* Court, in addition to the holding above, also reversed the grant of summary judgment relative to the claim of municipal liability on the basis of a ratification theory. The Plaintiff in *Wright* cited to a number of uses of force that were not adequately investigated *after* the use of force on him. The Sixth Circuit held that because such evidence was subsequent to the facts of that case, they did not assist the Plaintiff's claim of municipal liability. But, the Court then explained that:

> However, Murowsky testified that he had never heard of a use of force incident by a Euclid officer that seemed inappropriate to him. That too moves the needle so that a reasonable jury could decide that use of

3

excessive force is ratified by the department. A reasonable jury could likewise find that Meyer and Murowsky's seeming failure to ever meaningfully investigate excessive force complaints rises to the level of a ratification of use of force by a policymaker. [*Id*. at 882.]

Plaintiff's allegations in the present case, when accepted as true for the purposes of a motion to dismiss, create a viable claim of municipal liability under the standards described in *Wright*. Again, Paragraphs 49 and 50 of the Complaint state that:

> 49. City has a policy, practice, procedure, protocol, and/or custom that demonstrates deliberate indifference to the rights of the Plaintiff and was the cause and moving force behind the violations and harm suffered.
>
> 50. City has a history of whitewashing excessive force cases and citizen complaints, and routinely fails to adequately discipline their offending officers, even when City has concluded that the officer violated its policies or procedures.

When considered in total, *Wright* establishes that where an officer who uses force is employed by a Department that has a history of downplaying excessive force claims, the culture of that Department may very well be the moving force behind that constitutional violation. That is exactly what this Plaintiff has alleged. Further, despite just being at the pleading stage, Plaintiff supported that allegation with statistics showing that excessive force is generally not investigated in Grand Rapids and, when it is, the discipline for such uses of force is minimal even where the officer violated municipal policies.

4

Whether Defendant Schurr's use of force here was a product of the customs and policies described above is *not* what is at issue in this motion (just as it was not at issue in the motion to dismiss). That is something that will only be revealed through the discovery process. Instead, the concern of this Court at this stage should only be whether Plaintiff has made allegations that, if true, can support a claim of municipal liability. *Wright* establishes that the theory of municipal liability in this case is viable and was sufficiently alleged to proceed forward with discovery. Thus, Plaintiff requests that this Court exercise the discretion it has been granted to grant this motion for relief from judgement. To do so prior to discovery beginning in this case would ensure that the parties can focus their discovery efforts on all of the relevant issues, as opposed to having to resume discovery subsequent to an appeal of the grant of dismissal of Grand Rapids. Of course, if discovery does not establish that Plaintiff's allegations, the subject of municipal liability can be revisited in a motion for summary judgment. Eliminating that sound theory from this case at this stage, however, will only result in needless delay and an inefficient use of judicial resources.

## II.    It would not be futile to permit Plaintiff to amend his Complaint

As is explained above, Plaintiff set forth a viable claim of municipal liability under the law of this Circuit when he alleged that Defendant Grand Rapids has a history of whitewashing claims of excessive force and inadequately disciplining

5

officers that it knows to have committed excessive force, which then caused Defendant Schurr to use improper force toward Patrick Lyoya. However, to the extent that this Court does not believe that Plaintiff's Complaint makes those allegations sufficiently clear, the liberal policy toward amending Complaints dictates that an amendment be permitted here.

In arguing that no amendment should be permitted in this case, Defendant argues that any amendment would be futile. Defendant states that Plaintiff's amendment would presumably expand upon the allegation that Schurr's use of force was the product of Grand Rapids failing to adequately investigate and discipline other uses of force. Defendant also asserts that to the extent the amendment would also maintain that Grand Rapids had a history of discrimination toward minority drivers, such allegations would be irrelevant because the Complaint does not include an equal protection argument. Those arguments are without merit.

For the same reasons set forth above, the evidence that Grand Rapids does not properly investigate claims of excessive force and does not properly discipline officers found to have utilized excessive force is squarely within the theory of liability endorsed in *Wright*. Further, despite Defendant's assertions to the contrary, the evidence that Defendant disproportionately targets minority drivers for traffic stops is not irrelevant to the claim of municipal liability, regardless of the presence of an equal protection claim.

Under *Monell* and its progeny (like *Wright*), Grand Rapids may be municipally liable if its policies, practices, procedures and customs caused a constitutional violation. If this Court permitted Plaintiff to amend his Complaint, he would explicitly allege that Defendant Schurr was shaped by the environment of the Grand Rapids Police Department, where he became accustomed not only to officers pulling over minority drivers that otherwise would not be pulled over, but also to officers using force without regard for the constitution. Absent that environment that communicated that he was free to violate Patrick's constitutional rights, Schurr would have abided by the law and would have refrained from using lethal force without warning or legal justification. In essence, there were multiple improper customs relating to the manner in which officers from Grand Rapids interacted with the public. The combination of those customs and practices in Grand Rapids directly resulted in Patrick's murder, which was a violation of his 4th Amendment rights.

Again, Plaintiff believes that his Complaint adequately set forth the above theory and that Defendant readily understood the nature of Plaintiff's allegations. Where the Supreme Court has stated that "[t]he liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim," *Swierkiewicz v Sorema NA*, 534 US 506, 514; 122 S Ct 992; 152 L Ed 2d 1, 10 (2002), no further allegations were needed. Likewise, as the Sixth Circuit has explained, "Rule 15(a), Fed. R. Civ. P., provides

7

that leave to amend shall be 'freely given' when justice so requires. The thrust of the provision 'is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings.'" *Janikowski v. Bendix Corp*, 823 F.2d 945, 951 (6th Cir. 1987), quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Plaintiff was not using this Court as a "sounding board" for his operative complaint and is not seeking to amend the complaint to add in some theory that deviates from what has been repeatedly asserted in pleadings and papers that have been submitted thus far. In other words, Plaintiff is not seeking to abuse the liberal policy that favors amendment, but is instead merely attempting to satisfy this Court's concerns regarding the causal connection between the death of Patrick Lyoya and the policies, practices, procedures and customs of Defendant Grand Rapids.

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion for relief where Plaintiff adequately alleged a cause of action for municipal liability against Defendant Grand Rapids. This motion, which was timely filed in a reasonable period of time following the order of dismissal, demonstrates that Plaintiff's operative complaint was viable in all regards. At a minimum, consistent with the liberal approach to amending

complaints and litigating cases on the merits, dismissal was unwarranted without providing an opportunity to remedy the Court's concerns regarding the pleadings.

Respectfully submitted,

**JOHNSON LAW, PLC**.

By: */s/ Ven R. Johnson*
VEN R. JOHNSON (P39219)
ARISTIDI D. PAPIOANNOU (P81049)
Counsel for Plaintiff
Johnson Law, PLC
535 Griswold Street, Suite 2600
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com

Dated: November 1, 2023

## CERTIFICATE OF COMPLIANCE

I hereby affirm that this brief is in compliance with LCivR7.2(b)(i) and contains 2,033 words in the Times New Roman Font, 14 point, and generated in Microsoft Word processing software, version 2012.

*/s/ Maria A. Reyna*
**MARIA A. REYNA**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 1, 2023, a copy of the forgoing document was served upon the attorneys of record in the above cause, by efiling it on the Court's ECF system.

*/s/ Maria A. Reyna*
**MARIA A. REYNA**