UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PETER LYOYA, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PATRICK LYOYA, DECEASED,<br>  Plaintiff,<br><br>v.<br><br>CHRISTOHPER SCHURR,<br>  Defendant. | No. 1:22-cv-1160<br><br>Honorable Paul L. Maloney |

## ORDER RESOLVING MOTION FOR RELIEF FROM ORDER

This matter comes before the court on Plaintiff Peter Lyoya's motion for relief from the order dismissing the City of Grand Rapids. (ECF No. 41). Defendant City of Grand Rapids filed a response in opposition. (ECF No. 44). Plaintiff filed a reply. (ECF No. 45). The court will deny the motion.

### I. Background

This case arises out of the shooting and killing of Patrick Lyoya on April 4, 2022.[1] In December 2022, Plaintiff commenced this case as personal representative of Patrick's estate. Plaintiff raised a Fourth Amendment excessive force claim, via 42 U.S.C. § 1983, and a state-law gross negligence & wanton and willful misconduct claim against Defendant Officer Christopher Schurr. (ECF No. 2 at PageID.21, 24). He also raised a *Monell* municipal liability claim against the City of Grand Rapids ("City"). (*Id.* at PageID.22).

---

[1] For a full summary of the facts of this case, see the court's prior Opinion and Order Regarding Defendant's Motions to Dismiss. (ECF No. 39).

1

Defendants moved to dismiss Plaintiff's amended complaint (ECF Nos. 17, 18). Plaintiff alleged that the City (1) failed to train, supervise, and discipline its officers on the use of excessive force, and (2) had an ongoing practice or custom of racial discrimination within the police department. (ECF No. 2 at PageID.23, ¶ 55). The City argued that the amended complaint "broadly and conclusively" alleged the City's failure to train and unconstitutional custom, which is insufficient to plead proper *Monell* claims. (ECF No. 18 at PageID.299).

On August 28, 2023, this court issued an order regarding Defendants' motions to dismiss. (ECF No. 39). The court dismissed Plaintiff's claim against the City of Grand Rapids. (*Id.* at PageID.663). Although Plaintiff had sufficiently pleaded factual allegations to support the first three elements of these two types of Monell claims, Plaintiff had not alleged any facts to support the causation element. The court denied Defendant Schurr's motion to dismiss. (*Id.*). Defendant Schurr appealed that decision to the Sixth Circuit. (ECF No. 40). Thereafter, Plaintiff filed this motion for relief from the order dismissing the City of Grand Rapids. (ECF No. 41).

## II. Legal Standards

Federal Rule of Civil Procedure 60(b) governs relief from a final judgment order or proceeding. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

2

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Supreme Court recently held that Rule 60(b)(1)'s "mistake" provision includes "a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 530 (2022). The court believes that Plaintiff asserts his motion under 60(b)(1)'s "mistake" provision because Plaintiff asks the court to reconsider its 12(b)(6) analysis relating to the dismissal of the City of Grand Rapids.[2] "A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1)." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). In this posture, movants face a "steep uphill climb." *Giasson Aerospace Sci., Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 339 (6th Cir. 2017).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010).

### III. Analysis

Plaintiff argues that he stated a claim for municipal liability relative to the City of Grand Rapids. A large portion of Plaintiff's instant brief bears striking resemblance to his

---

[2] Plaintiff did not file a motion for reconsideration under the court's local rules. Plaintiff brief states, "Here, Plaintiff contends that he is entitled to relief relative to the grant of dismissal in favor of Defendant City of Grand Rapids, pursuant to Fed. R. Civ. P. 12." (EF No. 41 at PageID.679). *See also* (ECF No. 45 at PageID.754) (asserting that this court "made a mistake of law when it held that Plaintiff's complaint did not satisfy the liberal notice pleading rules relative to his claim of municipal liability").

3

response to the City's motion to dismiss. *Compare* ECF No. 41 at PageID.680-84 *with* ECF No. 27, PageID.516-22. The court has already addressed and rejected these arguments. (ECF No. 39 at PageID.657-62). Plaintiff failed to bring to the court's attention a "mistake" within the meaning of Rule 60(b)(1). *See United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) ("Likewise, a district court acts within its discretion if it denies Rule 60(b) relief where a party seeks to 'relitigate issues already decided.'").

Plaintiff seemingly argues that the court erred in not holding oral argument on the motions to dismiss. (ECF No. 41 at PageID.676-77). Plaintiff argues that had "Plaintiff been given the opportunity for oral argument, Plaintiff would have absolutely reviewed with this court the numerous above paragraphs and others alleging proximate cause." (ECF No. 41 at PageID.677). Plaintiff also insists that he "would have requested from this Court the opportunity to Amend the Complaint since justice would so require and because the governing rules and precedent establish that leave is freely granted, particularly where the parties had not even yet commenced discovery." (*Id.*).

Under the local rules, this court has discretion on whether to hold oral argument. *See* W.D. Mich. LCivR 7.2(d). Oral argument would not have provided Plaintiff with an opportunity to add supporting facts to his complaint. And contrary to the underlying premise of Plaintiff's argument regarding amending his complaint, Plaintiff was free to file a proper motion for leave to file a second amended complaint before the court addressed Defendants' motions to dismiss. Plaintiff did not do so. Presently, Plaintiff has failed to explain why he did not move to amend his complaint while facing motions to dismiss.

4

Plaintiff also argues that the City of Grand Rapids is a "sophisticated litigant represented by experienced counsel." (*Id.* at PageID.684). This fact—true or not—has no bearing on the court's analysis. Plaintiff avers that the City of Grand Rapids "was provided with far more concrete evidence and a far clearer theory of municipal liability than municipal defendants typically receive at the initial pleading stage." (*Id.* a PageID.686). Yet, Plaintiff failed to cite a case to bolster his claim.

Finally, Plaintiff argues that he should now be permitted to amend his complaint to add facts which would state a claim against the City of Grand Rapids. But this is not a proper motion. "There is a 'heavier burden' [under Rule 15(a)] when requests to amend are made after an adverse judgment." *Pond v. Haas*, 674 F. App'x 466, 472 (6th Cir. 2016) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). In these contexts, the court "ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Leisure Caviar, LLC*, 616 F.3d at 616. Plaintiff offers the court no explanation.

## IV. Conclusion

The court has reviewed its prior opinion and the rest of the relevant record. The court finds that Plaintiff has failed to establish that the court's dismissal of the City of Grand Rapids was a "mistake" within the meaning of Rule 60(b). Accordingly, the court will deny Plaintiff's motion.

**IT IS HEREBY ORDERED** that Plaintiff's motion (ECF No. 41) is **DENIED.**

**IT IS SO ORDERED.**

Date: August 9, 2024              /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge