## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PETER LYOYA as the
Personal Representative for
THE ESTATE OF PATRICK LYOYA
(deceased),

       *Plaintiff*,

v.

CHRISTOPHER SCHURR and
THE CITY OF GRAND RAPIDS,
      *Defendants*.

Case No. 1:22-CV-1160

Hon.  Paul L. Maloney
Mag. Judge Sally J. Berens

---

## PLAINTIFF'S RESPONSE TO DEFENDANT SCHURR'S
## MOTION FOR A GAG ORDER
## LIMITING EXTRAJUDICIAL STATEMENTS BY THE PARTIES

Now comes Plaintiff, Peter Lyoya, as personal representative of the Estate of
Patrick Lyoya, deceased, by and through his counsel, Johnson Law, PLC, and in
response to Defendant Schurr's Motion for a Gag Order Limiting Extrajudicial
Statements by the Parties.  Plaintiff opposes this motion in all regards and will
respond in full.  However, Defendant requests expedited consideration of this motion
(which was filed on a holiday weekend when nothing new of note is occurring in
this case), yet does not comply with Local Rule 7.1(e), which requires an explanation
as to why expedited consideration is necessary.  This motion should be denied on
that basis alone.  Further, Defendant is attempting to limit perhaps the most

important form of First Amendment activity- speech regarding a governmental actor's taking of a life.  In requesting that extraordinary relief, Defendant has not made any showing that a gag order is permitted under the law.  This motion is without merit and Plaintiff opposes it in every respect.

WHEREFORE, for the reasons fully set forth in the brief in support of this response, Plaintiff respectfully requests that this Honorable Court deny this motion in all regards.

Respectfully submitted,

**VEN JOHNSON LAW, PLC**.

By:  */s/ Ven R. Johnson*
VEN R. JOHNSON (P39219)
CHRISTOPHER DESMOND (P71493)
AYANNA D. HATCHETT (P70055)
Counsel for Plaintiff
Johnson Law, PLC
535 Griswold Street, Suite 2600
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com

Dated: April 21, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LYOYA as the
Personal Representative for
THE ESTATE OF PATRICK LYOYA
(deceased),

        *Plaintiff*,

v.

CHRISTOPHER SCHURR and
THE CITY OF GRAND RAPIDS,
        *Defendants*.

Case No. 1:22-CV-1160

Hon.  Paul L. Maloney
Mag. Judge Sally J. Berens

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT SCHURR'S MOTION FOR A GAG ORDER LIMITING EXTRAJUDICIAL STATEMENTS BY THE PARTIES**

**ISSUE PRESENTED**

I.    WHETHER DEFENDANT HAS OVERCOME THE HARSH PRESUMPTION OF UNCONSTITUTIONALITY THAT COMES WITH THE PRIOR RESTRAINT ON SPEECH DEFENDANT SEEKS TO IMPOSE THROUGH THIS COURT.

## INTRODUCTION

Patrick Lyoya was killed on April 1, 2022, when Defendant Christopher Schurr shot him in the back of the head (without warning) while Patrick was unarmed and pinned on the ground.  Peter Lyoya, Patrick's father and the Personal Representative of Patrick's Estate, filed a lawsuit on  December 7, 2022, and shortly thereafter filed an Amended Complaint on the same date.  The parties are not yet in discovery, as this case has been significantly delayed as a result of Defendant's appeal following the rightful denial of his assertion of qualified immunity.

Now, despite the fact that there are zero new developments in this case, Defendant has elected to file a motion for a gag order on Easter weekend-necessitating the Lyoya family's prompt reply lest they risk surrendering their First Amendment rights regarding their loved one's death at the hands of a police officer. Defendant seeks to silence the Lyoyas indefinitely.  Defendant seeks an order defining the way in which victims may communicate following a governmental actor's use of lethal force *that gave rise to charges of second degree murder*. There is no basis on which to grant this motion. Not any part of it.  No limitation of speech of any kind is warranted or permitted here.

1

I.    **DEFENDANT IS SEEKING AN IMPERMISSIBLE PRIOR RESTRAINT ON PLAINTIFF'S SPEECH AND HAS NOT MET THE HEAVY BURDENS THAT APPLY TO SUCH A REQUEST**

What Defendant seeks here is a prior restraint on the speech of both the Lyoyas and their counsel.  As the Supreme Court has explained, a prior restraint occurs where an order issues "forbidding certain communications when issued in advance of the time that such communications are to occur. Temporary restraining orders and permanent injunctions--i.e., court orders that actually forbid speech activities--are classic examples of prior restraints." *Alexander v. United States*, 509 U.S. 544, 550, 125 L. Ed. 2d 441, 113 S. Ct. 2766 (1993) (emphasis and citations omitted). "It has long been established that a prior restraint comes to a court 'with a heavy presumption against its constitutional validity.'" *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 224 (6th Cir. 1996) (quoting *Bantam Books v. Sullivan*, 372 U.S. 58, 70, 83 S. Ct. 631, 9 L. Ed. 2d 584 (1963)); see also *Cty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 485 (6th Cir. 2002). Any restraint "must be narrowly drawn and be the least restrictive means available." *Id*. at 485-86.

The request here is an extraordinary one.  In his own counsel's words, "Defendant Schurr respectfully requests this Court to issue a gag order for the duration of these proceedings limiting the parties and their counsel from any further communication to the public and the media."  No communication of any kind with

the public (however that is defined) or the media (presumably in any of the forms it may take) for an indefinite period of time. There could be no broader request.

And to be clear, Defendant has done nothing to lessen the length of time for which the Lyoyas would be so broadly silenced.  The first responsive pleading in this case was a motion to dismiss based on qualified immunity (despite that doctrine being heavily disfavored at the motion to dismiss stage).  When that motion was rightly denied, Defendant filed an improper interlocutory appeal that was dismissed for lack of jurisdiction after briefing and argument.[1]  Following that was an unsuccessful petition for en banc review, which was then followed by a petition for a writ of certiorari which remains pending in the United States Supreme Court.  It has been years since Patrick's death and there are years of litigation ahead. Defendants cannot simultaneously ask to broadly limit the Lyoyas speech for an indefinite period of time and taking action that extends the time for which that silence will last.

Not only is Defendant asking for the broadest possible restriction on speech for an entirely uncertain period of time, he does it despite the uniquely privileged

---

[1] In the event that Defendant should reply that the delay created by his appeal was not improper because he had a right to have his defense of qualified immunity decided at the earliest possible opportunity, such an argument misses the nature of the 6th Circuit's ruling.  The Court dismissed the interlocutory appeal because the right to an interlocutory appeal comes with certain requirements, including that the appellant limit himself to arguments of law, not fact.  Defendant's failure to do so essentially divested the court of jurisdiction.  In other words, this case was denied extensively on the basis of an appeal to which Defendant was ultimately never entitled.

form of speech.  Plaintiff is aware of no case that stands for the proposition that a governmental actor charged with murder in the course of his duties may silence the public's (let alone the victims') speech regarding those events.  There can be no more important subject of public attention and comment from a constitutional standpoint.  At issue is a governmental actor's taking of a life, in violation of the Fourth Amendment and without due process of law.  Plaintiff does not concede that his First Amendment rights regarding that subject can be subordinate to any other principle.

While Plaintiff contends that no limitation can constitutionally be applied here, he acknowledges that Defendant also offers a purportedly tailored list of limitations.  This Court need not consider those proposed limitations, however.  As Defendant recognizes, to the extent a case is of the type where a gag order may be applied, a narrowly tailored order may be proper if the party seeking that order shows a "substantial likelihood of material prejudice" should an order not issue.  While that standard has never been applied to a case of this type in the 6th Circuit, Defendant has not shown a substantial likelihood of material prejudice anyway.  That the Lyoya family, both through its own voice and through counsel, may comment on Patrick's death and subjects associated with that death, does not mean that Defendant has shown such comment has had any direct change in public sentiment.

4

Even if Defendant was doing something more than speculating that Plaintiff's counsel has influenced the public, Defendant still fails to explain the material prejudice he suffers. Defendant will receive a fair trial in this matter. The parties and the court will ensure that an impartial jury is selected. That jury will be properly instructed on the law and it is presumed under the law that it will follow those instructions. Defendant cannot show, through those layers of safeguards that lie ahead, that he faces any likelihood of prejudice, let alone a substantial and material one.

And to be clear, the requested limitation is equally improper as to counsel and for all the same reasons. And in addition, to limit counsel's ability to comment publicly is to further injure the Lyoyas. These events have rightfully been a matter of significant public concern since the day of Patrick's death. By responding to media inquiry through counsel, the Lyoya family avoids having the media intruding into their lives in an uncontrolled manner (specifically, it stops the media from directly going to the Lyoyas' homes in pursuit of information). And to reiterate the obvious, the Lyoyas are a matter of media attention because of Schurr's conduct. To preclude them from fully commenting through counsel is to exacerbate their injuries due to no fault of their own.

Plaintiff lastly acknowledges that Defendant's motion curiously references the impending criminal trial at various points. That trial has no relevance to this

motion.  The criminal proceedings are occurring in state court with a judge who is present to protect Defendant's rights.  Further, he is represented in that case by a team of criminal attorneys that has vigorously defended him.  It is entirely unclear how Defendant's civil attorneys are seeking to use his civil case as a mechanism to allegedly protect his rights under criminal law.  Defendant offers no authority demonstrating that this Court's considerations may extend to those proceedings.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this honorable Court deny this motion in all regards.  Defendant has failed to show that this motion should be given expedited consideration as there is nothing imminent in this action that necessitates a prompt decision.  Further, Defendant has not met the heavy burden it faces in seeking a prior restraint of First Amendment activity in a case of such grave concern.

Respectfully submitted,

**VEN JOHNSON LAW, PLC**.

By:  */s/ Ven R. Johnson*
VEN R. JOHNSON (P39219)
CHRISTOPHER DESMOND (P71493)
AYANNA D. HATCHETT (P70055)
Counsel for Plaintiff
Johnson Law, PLC
535 Griswold Street, Suite 2600
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com

Dated: April 21, 2025

## CERTIFICATE OF COMPLIANCE

I hereby affirm that this brief is in compliance with LCivR7.2(b)(i) and contains 1,452 words in the Times New Roman Font, 14 point, and generated in Microsoft Word processing software, version 2012.

*/s/VEN R. JOHNSON*
VEN R. JOHNSON

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 21, 2025, a copy of the forgoing document was served upon the attorneys of record in the above cause, by efiling it on the Court's ECF system.

*/s/LIZA DODSON*
LIZA DODSON