UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PETER LYOYA,** as the Personal Representative for the Estate of **PATRICK LYOYA,** | Case No. 22-cv-01160 Hon. Paul L. Maloney Mag. Judge Sally J. Berens |
| Plaintiff, v. | |
| **CHRISTOPHER SCHURR** and **THE CITY OF GRAND RAPIDS,** | |
| Defendants. | |

### DEFENDANT SCHURR – MOTION FOR A PROTECTIVE ORDER

Defendant, **CHRISTOPHER SCHURR** by and through the undersigned counsel, respectfully move this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of a protective order governing Defendant Schurr's upcoming deposition.

Defendant Schurr specifically asks the Court to: (1) designate the video and audio recordings of his deposition as confidential in their entirety; (2) prohibit any disclosure, dissemination, or broadcast of those recordings to third parties outside this litigation; (3) expressly forbid dissemination to the press, media, or public platforms such as Facebook, YouTube, X (formerly Twitter), or Instagram; and (4)

1

bar questioning about his current home address, personal income, or his spouse's employment or occupation.

Pursuant to Local Civil Rule 7.1(d), undersigned counsel certifies that the basis for this motion was explained to Plaintiff's counsel via email on November 4, 2025, and that Plaintiff's counsel declined to concur in the relief sought.

          Respectfully submitted,

          **SEWARD HENDERSON PLLC**

Dated:  November 6, 2025

          /s/ Ameera Hashwi (P88192)
          *Attorneys for Defendant Schurr, only*
          210 East 3rd Street, Suite 212
          Royal Oak, MI 48067
          P: (248) 733-3580
          F: (248) 733-3633
          E: ahashwi@sewardhenderson.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PETER LYOYA,** as the<br>Personal Representative for<br>the Estate of **PATRICK LYOYA,**<br><br>       Plaintiff,<br>v.<br><br>**CHRISTOPHER SCHURR** and<br>**THE CITY OF GRAND RAPIDS,**<br><br>       Defendants. | Case No. 22-cv-01160<br>Hon. Paul L. Maloney<br>Mag. Judge Sally J. Berens |

**D<span style="font-variant:small-caps">EFENDANT</span> S<span style="font-variant:small-caps">CHURR</span> – B<span style="font-variant:small-caps">RIEF IN</span> S<span style="font-variant:small-caps">UPPORT OF</span> M<span style="font-variant:small-caps">OTION FOR A</span> P<span style="font-variant:small-caps">ROTECTIVE</span> O<span style="font-variant:small-caps">RDER</span>**

i

## TABLE OF CONTENTS

Index of Authorities ................................................................................................ iii
Concise Statement of Reasons in Support of The Motion ........................................ 1
Introduction ............................................................................................................... 3
Statement of Facts ..................................................................................................... 3
Governing Law ......................................................................................................... 5
Application ................................................................................................................ 7
    I.    Good Cause Exists to Keep the Deposition Video/Audio Recordings Confidential and Bar Public Dissemination .......................................................... 7
    II.  Good Cause Exists to Forbid Inquiry Into Defendant's Address, Personal Finances, and Spouse's Employment at the Deposition ....................................... 10
Conclusion .............................................................................................................. 12

ii

# INDEX OF AUTHORITIES

## Cases

*In re Ohio Execution Protocol Litig.*,
   845 F.3d 231 (6th Cir. 2016) ....................................................................... 2, 5, 6

*Kallstrom v. City of Columbus*,
   136 F.3d 1055 (6th Cir. 1998) ...................................................................... 1, 7, 8

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) ............................................................................................. 1, 7

*Serrano v. Cintas Corp.*,
   699 F.3d 884 (6th Cir. 2012) ................................................................................ 2, 5

## Rules

Fed. R. Civ. P. 26(b)(1) ............................................................................................. 6, 11

Fed. R. Civ. P. 26(c)(1)(A) ............................................................................................ 5

**CONCISE STATEMENT OF REASONS IN SUPPORT OF THE MOTION**

Defendant Christopher Schurr seeks a protective order to designate all video and audio recordings of his deposition as confidential and limit their use to this litigation, and forbid questioning at his deposition regarding his current home address, personal income, or employment or occupation of himself or his spouse. He seeks this order for his own personal safety because his life has been threatened, the information is not relevant, and the media proclivities of Plaintiff and his counsel.

Fed. R. Civ. P. 26(c) allows the Court to issue an order, for good cause, to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The Supreme Court has recognized that pretrial discovery materials, including depositions, are not public components of civil proceedings and may properly be subject to confidentiality restrictions. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Relatedly, the Sixth Circuit has recognized that the disclosures of personal information of law enforcement officers can create serious risks of harm to them and their families justifying protective measures. *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998).

Here, the requested order is supported by specific, sworn facts showing a real and ongoing threat to Defendant Schurr. Given the extraordinary public interest, ongoing security concerns, and media proclivities of counsel previously raised to the Court, good cause exists for a narrowly tailored protective order. *Serrano v. Cintas*

1

*Corp.*, 699 F.3d 884, 901 (6th Cir. 2012); *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016).

## INTRODUCTION

This case concerns only the propriety, both under the Constitution and state law, of actions Defendant Schurr took towards Patrick Lyoya on April 4, 2022. That is all. Following the encounter on April 4th, this case has received an inordinate amount of public attention, due in no small part to the publicity efforts of Plaintiff and his counsel, and, as a result, Defendant Schurr has faced threats to his personal safety. To ensure his safety, he now asks the Court to issue an order with reasonable limitations on the topics of his deposition and the dissemination of it.

## STATEMENT OF FACTS

The Court is well-versed in the core facts of this case: Defendant Schurr was stopping Patrick Lyoya when the plate on his car did not match the registered vehicle; Patrick refused to cooperate during the stop, physically resisted Schurr's extreme efforts, and after the two grappled over Schurr's taser for over one minute, Schurr used his firearm against Patrick because he feared Patrick would seriously injure or kill him with the Taser that Patrick had exclusive control of. [PageID.209-224]

Since Patrick's death, the matter has attracted intense media coverage and public interest, including multiple press conferences and public statements made by Plaintiff's counsel. [PageID.816-899] Defendant Schurr has also received threats against his life. In his sworn affidavit, Defendant Schurr states that on April 14,

3

2022, before the Grand Rapids Police publicly identified him as the officer involved in the incident, protestors entered his private property and threatened him. [Exhibit 1, Aff. of Defendant Schurr] He also states that he has received death threats connected to this case. [Exhibit 1, Aff. of Defendant Schurr] These sworn statements show that Defendant Schurr continues to face real risks of harassment and harm if his deposition video or personal information becomes public.

In an effort to address and mitigate these ongoing risks, Defendant Schurr previously requested relief from the Court. On April 18, 2025, Defendant Schurr filed a Motion for a Gag Order. [PageID.816-818] On May 2, 2025, the Court denied that motion. [PageID.939-941] In its Order the Court found that Plaintiff's counsel's public comments "approached impropriety" and reminded Plaintiff that "officers of the court are expected to conduct themselves appropriately and observe their ethical obligations as this civil litigation proceeds to trial." [PageID.941]

Despite this warning from the Court, Plaintiff's counsel has continued to engage in behavior that raises serious concerns. Shortly after Defendant Schurr received a re-notice of his deposition that indicated it would be video recorded, Defendant's counsel sent a proposed stipulated order to address the safety concerns. [Exhibit 2, Email] The proposed order sought to keep the deposition recordings confidential and to prohibit any questioning about Defendant Schurr's current home address, personal income, or his spouse's employment or occupation. [Exhibit 3,

4

Proposed Order] Plaintiff's counsel refused to sign the proposed stipulated order. [Exhibit 4, Refusal Email] This refusal demonstrates an intent to disregard the Court's warning and make deposition recordings or sensitive personal information public, contrary to this Court's prior guidance.

## GOVERNING LAW

Under the Federal Rules of Civil Procedure 26(c), a court may issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This rule provides courts with broad discretion in determining if a protective order is appropriate and what level of protection is required. Furthermore, "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012).

To obtain a protective order, the moving party must demonstrate "good cause" for the protection sought from one or more of the harms identified in Fed. R. Civ. P. 26(c)(1)(A) with a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016).

In *In re Ohio Execution Protocol Litigation*, a group of death-row inmates challenged Ohio's lethal injection protocol and sought the disclosures of the identities of drug manufacturers and suppliers. 845 F.3d at 236. This district court

granted, and the Sixth Circuit Court of Appeals affirmed, a protective order preventing disclosure of that information. *Id*. at 233. The court held that good cause existed for the order because revealing the identities of suppliers and participants in the execution process would expose them to serious risks of harm, harassment, and potential violence. *Id*. at 237. The court emphasized that the record, though lacking direct affidavits from suppliers, demonstrated a credible threat of harm sufficient to justify a protective under Fed. R. Civ. P. 26(c). *Id.* at 237-38.

The Supreme Court has also noted that the public has no right to access unfiled deposition recordings,

> "A litigant has no First Amendment right of access to information made available only for purposes of trying his suit. … Moreover, pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law … and, in general, they are conducted in private as a matter of modern practice. … Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).

Additionally, under Fed. R. Civ. P. 26(b)(1), discovery is limited to information relevant and proportional to the needs of the case. Rule 26(c)(1)(D) expressly permits a court to "forbid inquiry into certain matters" to protect a party from undue annoyance or oppression.

The Sixth Circuit Court of Appeals has repeatedly recognized the importance of protecting sensitive personal information that could expose law enforcement officers or others to harm.

In *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998), the Sixth Circuit Court of Appeals held that disclosing personal identifying information of police officers, such as home addresses, to defense counsel for criminal suspects created a risk of serious harm. The court recognized that such disclosures could endanger officers and their families by exposing them to potential retaliation from individuals with a demonstrated capacity for violence. *Id*. at 1064. The court in Kallstrom concluded that law enforcement officers have a due process right under the Fourteenth Amendment to keep personal and family information confidential when the disclosure would place them or their loved ones at risk. *Id*. at 1070.

## APPLICATION

**I.   GOOD CAUSE EXISTS TO KEEP THE DEPOSITION VIDEO/AUDIO RECORDINGS CONFIDENTIAL AND BAR PUBLIC DISSEMINATION**

Good cause exists to designate Defendant Schurr's deposition video and audio recordings as confidential and to prohibit any dissemination of those recordings outside this litigation. There is no obvious reason why such recordings must remain public. Defendant Schurr has previously testified in open court such that his image and likeness at that time are available for all to see. Following trial, he has tried to

7

regain some anonymity. Allowing the sharing and publication of his deposition would only harass him for no discernable reason appropriate in litigation.

Moreover the potential harm, i.e., continued threats to his life, to Defendant Schurr if the recordings become public is clear, serious, and specific. He has received numerous threats; his affidavit explains that protestors entered his property, threatened him, and that he received death threats after the incident. [Exhibit 1, Aff. of Defendant Schurr] The release of the deposition recording to the press or social media would only unnecessarily exacerbate such threats. Additionally, public circulation of Defendant Schurr's image and statements would jeopardize his personal safety.

The only conceivable purposes for broadcasting the deposition through the media or social networking websites would be to curry favor for the Plaintiff and his cause while at the same disparage Defendant Schurr. These purposes violate the prior guidance given to Plaintiff's counsel. [PageID.941] No legitimate litigation purpose is served by extra-judicial publication of Christopher Schurr's image, voice and testimony. Such public dissemination goes beyond a mere inconvenience; it places a target on Schurr's person.

Allowing public circulation of Defendant Schurr's deposition recording would subject him to precisely the type of harm Rule 26(c) seeks to prevent. Public dissemination would cause annoyance, embarrassment and purposeful distress by

8

reigniting public hostility, exposing Defendant Schurr to additional scrutiny, and undoing the safety measures he has already taken. It would also impose undue burden and expense, as Defendant Schurr would again have to adopt additional security precautions to protect himself and his family. The protective order sought here would prevent these unnecessary burdens while still preserving full access to the deposition records for litigation purposes.

Dissemination of the deposition recordings would also achieve the purpose intended by the dissemination of the recordings – to prejudice the integrity of these proceedings. If the video of Defendant Schurr's deposition spread through news or social media channels, it could taint the jury pool or undermine his right to a fair trial. Pretrial discovery in civil litigations is not meant for public consumption or to be argued in the court of public opinion.

Applying these principles, Defendant Schurr demonstrates good cause to keep his video and audio deposition recordings confidential. If the recordings enter the public domain, Defendant will face concrete, particularized injury, including heightened risks of personal harm and reputational damage, and the ongoing legal proceedings could be compromised. In contrast, Plaintiff will suffer no prejudice from maintaining the deposition recordings as confidential. Designating these materials as confidential merely limits their use to this litigation. The proposed protective order will not hinder Plaintiff's ability to litigate his claims; it only

9

prevents extrajudicial use of these materials. Given Plaintiff's counsel's history of making public statements and holding press conferences to discuss evidence and make accusations, this restriction is both reasonable and necessary.

## II. Good Cause Exists to Forbid Inquiry Into Defendant's Address, Personal Finances, and Spouse's Employment at the Deposition

Defendant Schurr also asks the Court to preclude questioning on specific topics during his deposition: his current home address, personal income or financial status, and the occupation or his workplace or that of his spouse. The Court should forbid inquiry into these matters because they are irrelevant to any claim or defense in this case and pose undue safety and privacy risks.

Here, Defendant Schurr's home address and his and his spouse's employment have no bearing on the issues of this litigation; these topics do not touch upon liability or damages for the shooting of Patrick Lyoya. Demanding such information would only expose personal details that could become public and increase the risk of harassment. Given the significant media coverage, disclosing Defendant's whereabouts or his spouse's place of work would expose them as renewed targets of harassment.

Defendant Schurr's affidavit supports this request. In it, he explains that protestors entered his property *before* he was identified as the officer involved in the shooting, threatened him, and that he later received death threats related to the underlying incident related to this case. [ex 1, Aff. of Defendant Schurr] Publicly

10

revealing his current residence, his or his spouse's employment would help hostile individuals locate or target them. Courts have long recognized the importance of protecting such personal identifying information for law enforcement officers.

Consistent with *Kallstrom*, Defendant Schurr requests this Court preclude any and all questioning at his deposition concerning his current home address, personal financial information, and his as well as his spouse's occupation or place of employment. These subjects are irrelevant to any claim or defense under Fed. R. Civ. P. 26(b)(1), and serve no legitimate discovery purpose, while creating serious risks of harassment to Defendant Schurr and his family. Given the extensive media attention surrounding this case, disclosing such personal details could make Defendant and his spouse targets of public hostility and retaliation. Accordingly, *Kallstrom* makes it clear that the balance of interests strongly favors protecting Defendant Schurr's and his family's safety and privacy by barring these lines of questioning.

In addition to the clear privacy and safety concerns, permitting questions about Defendant Schurr's address, finances, or his and his spouse's employment would subject both to more than just annoyance and oppression, but to verbal and physical harm, harms Rule 26(c) seeks to prevent. These topics serve no legitimate purpose The protective order Defendant Schurr seeks is necessary to prevent this

11

real threat of harm, ensuring that discovery remains limited to relevant issues rather than becoming a tool for personal intrusion or intimidation.

The Court should apply the principles of *Kallstrom* to this case, as Schurr was a police officer. The harm to a person does not evaporate once they are no longer employed as a law enforcement officer as the public demonstrated as recently as during his criminal trial.

## CONCLUSION

For the foregoing reasons, Defendant Schurr respectfully requests that this Court grant his motion and enter a protective order with the following provisions: (1) designates all video and audio recordings of Defendant's deposition as confidential and limit their use to this litigation; and (2) forbids any questioning at the deposition regarding Defendant's current home address, personal income, financial information, or his and his spouse's employment or occupation. Good cause supports this requested relief without causing any unfair prejudice to Plaintiff.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Ameera Hashwi (P88192)
*Attorneys for Defendant Schurr, only*
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   November 6, 2025         E: ahashwi@sewardhenderson.com

**PROOF OF SERVICE**

I hereby certify that on **Thursday, November 6, 2025**, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification to the following: ***All Parties and Attorneys of Record.***

/s/ Lillian Nelson
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
T: (248) 733-3580
F: (248) 733-3633
E: lnelson@sewardhenderson.com