UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LYOYA,

    Plaintiff,

Case No.
1:22–cv–01160–PLM–SJB

v.

Hon. Paul L. Maloney

CHRISTOPHER SCHURR,

    Defendant.
_____/

## ORDER

    This matter is before the Court on Defendant Schurr's Motion for Protective Order – #67, which was filed November 6, 2025. Effective February 1, 2024, Local Rule 7.1(d) was amended to require the following: "In the case of all nondispositive motions, counsel or nonincarcerated *pro se* parties involved in the dispute shall confer in a good–faith effort to resolve the dispute. To accomplish this, the movant must confer with the other parties and persons entitled to be heard on the motion in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention. The conference must be held sufficiently in advance of filing the motion to allow the opportunity for meaningful discussion. If court intervention remains necessary, the nondispositive motion shall be accompanied by a separately filed certificate specifying the date, time, and duration of the conference; the participants in the conference; and a description of the issues addressed during the conference. In cases involving an incarcerated *pro se* party, the movant shall make reasonable efforts to comply with the provisions of this rule, and the motion shall be accompanied by a separately filed certificate specifying the efforts to confer with the incarcerated party." W.D. Mich. LCivR 7.1(d)(ii); see <u>Administrative Order No. 23–RL–113 (December 21, 2023)</u>. The motion fails to comply with this requirement. Accordingly,

    IT IS ORDERED that Defendant Schurr's Motion for Protective Order – #67 is hereby held in abeyance pending compliance with Local Rule 7.1(d).

    IT IS FURTHER ORDERED that movant shall file the certificate required by Local Rule 7.1(d) within five days of the date of this Order. Failure to timely file the certificate will result in the dismissal of the motion.

    IT IS FURTHER ORDERED that any response to the motion shall be filed within fourteen days of the filing of the certificate, should the certificate be

filed.

      IT IS SO ORDERED.

Dated:  November 7, 2025        <u>/s/ Sally J. Berens</u>
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge