UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LYOYA, as the
Personal Representative for
the Estate of PATRICK LYOYA,

        Plaintiff,

v.

CHRISTOPHER SCHURR and
~~THE CITY OF GRAND RAPIDS,~~

        Defendants.

Case No. 22-cv-01160
Hon. Paul L. Maloney
Mag. Judge Sally J. Berens

### DEFENDANT SCHURR'S MOTION TO COMPEL

Defendant, Christopher Schurr, through undersigned counsel, respectfully requests this Court, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), for an Order compelling non-party Kent County Sheriff's Office ("KCSO") to produce documents and videos responsive to Defendant's duly issued subpoena. In support of its motion, the Defendants states as follows:

1.      Pursuant to Rule 45, Defendant served a subpoena on non-party KCSO seeking documents related to Patrick Lyoya and his known aliases to be produced on February 18, 2026. [Ex. 1, Subpoena] As a subpoenaed non-party, KCSO is obligated to produce all non-privileged responsive materials within its possession, custody, or control.

1

2.      Instead of producing requested materials, KCSO responded with a set of boilerplate, template objections on February 18, 2026. [Ex. 2, Objections Letter] Those objections assert, without specificity, that the requests are irrelevant, overly broad, unduly burdensome, privileged, protected by HIPAA and other confidentiality statutes, and duplicative due to alleged FOIA availability.

3.      Irrespective of the merits of their objections—and to be clear, there are none—KCSO failed to provide any factual detail or particularized explanation supporting its position.

4.      In good faith efforts to resolve the dispute without Court's intervention, and in compliance with Local Rule 7.1(d), Defendant conferred with KCSO and narrowed the scope of the requests. Defendant identified specific contact dates and discrete periods of incarceration for which unredacted records and videos are sought. Defendant also explained the relevance of this information and narrowed scope of the requests both before KCSO served its objections—during a telephone conference—and again in email correspondence dated February 27, 2026, after receiving the objections. [Ex. 3, Meet and Confer Email].

5.      Despite Defendant's good faith meet and confer efforts and substantial narrowing of the requests to make production clear and simple, KCSO has not, to date, produced any responsive materials. Leaving Defendant with no alternative but to seek relief from the Court.

6.    During these communications, it was later disclosed that there are only approximately 3 hours of video footage and 28 minutes of jail phone call recordings. The representative for KCSO indicated that they are concerned about privacy and confidentiality, and wanted a stipulated protective order compelling their production, but still provided zero specifics about what was confidential or private, under what law the unspecified items were confidential/private, and what terms would be included in the proposed protective order. [Ex. 4, Request for Stipulated Order]

7.    This response further demonstrates the meritless initial response.

8.    In further support of their motion, Defendant relies on the facts and authorities set forth in the accompanying brief.

9.    Pursuant to Local Rule 7.1(d), the undersigned counsel certifies that she communicated the grounds for this motion with opposing counsel in email in an attempt to ascertain whether the motion will be opposed on February 27, 2026. This motion will be opposed by opposing counsel. Counsel also spoke via telephone on February 17, 2026, outlining what was sought, the relevance of why, and explaining that a motion would be filed if the parties could not reach an agreement. During that conversation, counsel for KCSO indicated that he was going to send prepared objections but would now work with the information provided in the call to reach an agreement. The undersigned received no further proposal until reaching back out on the February 27, 2026.

WHEREFORE, for all of the foregoing reasons as well as those set forth in the accompanying brief, the Defendants respectfully requests that this Honorable Court compel KCSO to comply with the subpoena and produce the requested unredacted records and videos and grant such further relief as the Court deems just and proper.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Kali M. L. Henderson (P76479)
*Attorneys for Defendant Schurr, only*
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com

Dated:   March 2, 2026

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PETER LYOYA,** as the Personal Representative for the Estate of **PATRICK LYOYA,** | Case No. 22-cv-01160 <br> Hon. Paul L. Maloney <br> Mag. Judge Sally J. Berens |
| Plaintiff, | |
| v. | |
| **CHRISTOPHER SCHURR** and ~~**THE CITY OF GRAND RAPIDS,**~~ | |
| Defendants. | |

**DEFENDANT SCHURR'S BRIEF IN SUPPORT OF HIS MOTION TO COMPEL**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ iii

Questions Presented ................................................................................................ v

Most Controlling Authority ..................................................................................... vi

Introduction ............................................................................................................. 1

Statement Of Facts ................................................................................................... 1

Argument .................................................................................................................. 3

   I.   The Court should compel production because the records are both relevant and proportional to the needs of the case ................................................. 3

      A.   Law ............................................................................................................ 3

      B.   Application ................................................................................................. 4

   II.   The Requests Do Not Impose Undue Burden ................................................. 5

      A.   Law ............................................................................................................ 5

      B.   Application ................................................................................................. 5

   III.   KCSO Failed to Assert Privilege or Confidentiality With Particularity ...... 6

      A.   Law ............................................................................................................ 6

      B.   Application ................................................................................................. 7

Conclusion ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Cahoo v. SAS Inst., Inc.*,
  377 F. Supp. 3d 769 (E.D. Mich. 2019) ....................................................... 5, 6, 7

*In re DG Acquisition Corp.*,
  151 F.3d 75 (2d Cir. 1998) .........................................................................7

*In re Modern Plastics Corp.*,
  890 F.3d 244 (6th Cir. 2018) .......................................................................5

*Loyd v. Saint Joseph Mercy Oakland*,
  766 F.3d 580 (6th Cir. 2014) ......................................................................4

*Micheli v. Michigan Automobile Ins. Placement Facility*,
  986 N.W.2d 451 (Mich. App. 2022).............................................................4

State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.,
  364 F. Supp. 3d 758 (E.D. Mich. 2018) ...................................................3

*Tuite v. Henry*,
  98 F.3d 1411 (D.C. Cir. 1996)..................................................................7

*Zehel v. Nugent*,
  344 Mich. App. 490 (2022),
  *vacated in part*,
  515 Mich. 1008, 12 N.W.3d 396 (2024)................................................4

**Statutes**

Mich. Comp. Laws 600.2922, *et seq* ..........................................................4

**Rules**

1991 Advisory Committee Note to former FRCP 45(d)(2)........................7

Fed. R. Civ. P. 26(b)(1)...............................................................................3

Fed. R. Civ. P. 45(a)(1)(A)(iii) ....................................................................6

Fed. R. Civ. P. 45(d)(2)(B) ...........................................................................................6

Fed. R. Civ. P. 45(e)(2)(A) ......................................................................................6, 7

Fed. R. Civ. P. 45(g) ..................................................................................................7

## QUESTIONS PRESENTED

1. Whether Defendant is entitled to an order compelling non-party Kent County Sheriff's Office to produce unredacted records and videos under Federal Rule of Civil Procedure 45, where the requests are narrowly tailored and seek relevant, proportional information uniquely within the non-party's possession?

Defendant answers, "*Yes.*"

Kent County Sheriff's Office answers, "*No.*"

# Most Controlling Authority

The scope of discovery applied to subpoenas under Fed. R. Civ. P. 45 is the same scope as under Fed. R. Civ. P. 26(b)(1). *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018).

General objections without identifying particulars are insufficient. *Cahoo v. SAS Inst., Inc.*, 377 F. Supp. 3d 769, 775 (E.D. Mich. 2019).

## INTRODUCTION

Defendant Christopher Schurr respectfully moves this Court for an Order compelling non-party Kent County Sheriff's Office ("KCSO") to produce documents requested pursuant to a Rule 45 subpoena. KCSO has refused to produce materials related to the deceased Patrick Lyoya and his known aliases that are in its possession, custody, or control. In doing so, KCSO raised a series of objections—undue burden, relevance, proportionality, privilege, HIPAA and other confidentiality statutes, and duplicity based on FOIA availability.

Although none of these objections have merit, Defendant narrowed the scope of the requests in good faith. Defendant limited the subpoena to unredacted records identified, records tied to specific contact dates, and reports and videos from specific incarceration periods. Defendant undertook these efforts to reduce any burden and to streamline production. Despite these efforts, KCSO continues to assert unsupported objections and has refused to produce the requested records. Accordingly, the Court should compel production.

## STATEMENT OF FACTS

Patrick Lyoya's estate filed this lawsuit alleging that Defendant, Officer Christopher Schurr, violated Mr. Lyoya's Fourth Amendment rights through the use of excessive force and seeks damages under Michigan's Wrongful Death Act. [ECF No.2, Amended Complaint]

1

On February 4, 2026, Defendant served a subpoena pursuant to Rule 45 on KCSO seeking documents related to Patrick Lyoya and his known aliases. [Ex.1, Subpoena] The subpoena sought records necessary to determine the scope of KCSO's interactions with Mr. Lyoya given that discovery has revealed Mr. Lyoya operated under several aliases. Given the damages sought, Patrick Lyoya's history— including his interactions with law enforcement and periods of incarceration—is directly relevant to the claims in this case. Defendant served the subpoena on Plaintiff's counsel prior to serving it on KCSO, consistent with Rule 45, and no objection was raised.

On February 18, 2026, KCSO responded with written objections, asserting that the requests were irrelevant, overly broad, unduly burdensome, privileged, protected by HIPAA and other confidentiality statutes, and duplicative because records may be available through FOIA. KCSO did not identify any specific documents, did not provide a privilege log, did not explain grounds of undue burden, and did not quantify any expense. [Ex. 2, Objections Letter]

In response, Defendant engaged in good faith efforts and narrowed the requests by identifying specific contact dates and incarceration periods. [Ex.3, Meet and Confer Email]. Despite these efforts to make compliance straightforward, KCSO responded by requesting that Defendant agree to a stipulation under which the Court would enter an order requiring production of unredacted versions of the jail file and

2

videos—even though these materials are the very items KCSO was already obligated to produce in response to the subpoena. [Ex. 4, Request for Stipulated Order]. Defendant attempted to obtain clarity regarding this perplexing request, but KCSO has yet to explain whether the redacted responses, the videos, or the approximately 28 minutes of Mr. Lyoya's recorded jail phone calls contain any privileged or protected information. [Ex. 5, Response to Request for Stipulated Order]. Defendant also attempted to reach KCSO's representative by telephone on March 2, 2026, but was unable to connect. With no reasonable alternative remaining, Defendant now seeks an order compelling compliance.

## ARGUMENT

### I. THE COURT SHOULD COMPEL PRODUCTION BECAUSE THE RECORDS ARE BOTH RELEVANT AND PROPORTIONAL TO THE NEEDS OF THE CASE

#### A.    Law

"A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018).

In discovery, the parties to a lawsuit may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of

discovery is generally very broad. *See*, e.g., *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 593 (6th Cir. 2014).

### B.    Application

The information sought by Defendant's subpoena is directly relevant and central to the issues in this case for at least two reasons. First, the requested records are relevant to damages. Plaintiff seeks recovery under Michigan's Wrongful Death Act, [ECF No. 2, PageID.17], thereby placing the decedent's life history, conduct, and circumstances at issue in determining damages. *See* Mich. Comp. Laws 600.2922, *et seq*. Records detailing Mr. Lyoya's interactions with the KCSO—including contact records and periods of incarceration—bear directly on Plaintiff's damages claims and Defendant's defenses and are therefore well within the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1); *see Zehel v. Nugent*, 344 Mich. App. 490, 509 (2022), *vacated in part*, 515 Mich. 1008, 12 N.W.3d 396 (2024) (holding that evidence of the decedent's life circumstances and interests is relevant to calculating damages).

Second, because the subpoenaed video includes other witnesses, it is directly relevant to assessing and testing their credibility. Evidence bearing on a witness's credibility is discoverable and falls within the scope of Rule 26(b)(1). *Micheli v. Michigan Automobile Ins. Placement Facility*, 986 N.W.2d 451, 459 (Mich. App. 2022) ("Information that bears on witness credibility or bias is never irrelevant.")

Accordingly, the materials sought fall squarely within the permissible scope of discovery and cannot be withheld on relevance grounds.

For the same reasons, the requests are proportional to the needs of this case. They are narrowly tailored to the dates and incarceration periods identified by Defendant and seek documents uniquely held by KCSO. Accordingly, KCSO's proportionality objection lacks merit.

## II. THE REQUESTS DO NOT IMPOSE UNDUE BURDEN

### A.    Law

District courts evaluate undue burden in a case-specific manner by "considering such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed*." In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (citations omitted).

Courts have also found that a request is not unduly burdensome where responsive files are readily available in a non-party's database. *Cahoo v. SAS Inst., Inc.*, 377 F. Supp. 3d 769, 776 (E.D. Mich. 2019).

### B.    Application

KCSO's undue-burden objection is unsupported. The materials sought are solely within KCSO's possession, custody, and control, and Defendant has identified the requested materials with particularity, including specific contact dates and

5

defined periods of incarceration. Moreover, KCSO's own objection letter asserts that many of the requested materials are available through FOIA. [Ex. 2, Objections Letter] That assertion undermines any claim that locating or producing the records would be unduly burdensome or expensive. Moreover, having now revealed that the "burdensome" recordings consist of 3 hours of video and 28 minutes of audio recordings, this objection rings hollow. As such, considering the relevance and necessity of these materials discussed above, any burden associated with production is minimal and does not outweigh the need for discovery—particularly where KCSO has provided no particularities, cost estimates, or explanation of burden. Generalized objections unsupported by factual evidence are insufficient to sustain an undue-burden claim. *Cahoo*, 377 F. Supp. 3d at 775.

## III.    KCSO FAILED TO ASSERT PRIVILEGE OR CONFIDENTIALITY WITH PARTICULARITY

### A.    Law

A lawfully issued subpoena to produce records commands its recipient to provide copies of those records to the issuing party. Fed. R. Civ. P. 45(a)(1)(A)(iii). If the recipient has an objection to providing those records, the recipient may provide written objections. Fed. R. Civ. P. 45(d)(2)(B). However, if a subpoena recipient withholds information based on privilege or protection, it must expressly assert the claim and describe the nature of the withheld information. Fed. R. Civ. P. 45(e)(2)(A).   Generally, courts require responding party to provide a detailed

privilege log. 1991 Advisory Committee Note to former FRCP 45(d)(2); *also see In re DG Acquisition Corp*., 151 F.3d 75, 81 (2d Cir. 1998); *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996)).

When a party fails to comply with a subpoena "without adequate excuse," the court may hold that person in contempt of court. Fed. R. Civ. P. 45(g). And general objections without identifying particulars are nothing but hypothetical arguments. *Cahoo*, 377 F. Supp. 3d at 775.

### B.    Application

Here, KCSO has failed to comply with its obligations under Rule 45. Although Rule 45 permits a subpoena recipient to assert written objections, it requires more than generalized or boilerplate assertions. *See* Fed. R. Civ. P. 45(e)(2)(A). KCSO has served template objections asserting privilege, HIPAA, and other unspecified confidentiality statutes without identifying any specific documents claimed to be privileged or protected. KCSO did not articulate how HIPAA or any other statute would bar production of the materials sought, nor did it provide a privilege log or any description of the nature of the documents allegedly privileged. [Ex. 2, Objections; Ex. 4, Request for Stipulated Order] Such generalized objections without identifying particulars are insufficient. *Cahoo*, 377 F. Supp. 3d at 775.

Despite KCSO's failure to substantiate its objections, Defendant in good faith narrowed the scope of the requests to seek unredacted records and videos related to

7

specifically identified contact dates and incarceration periods. Yet, KCSO has not agreed to produce the requested materials and continues to assert baseless claims of privilege and confidentiality. As such, the Court should order KCSO to produce the responsive unredacted records and videos.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order compelling Kent County Sheriff's Office to comply with the subpoena and produce the requested unredacted records and videos and grant such further relief as the Court deems just and proper.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ Kali M. L. Henderson (P76479)
*Attorneys for Defendant Schurr, only*
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   March 2, 2026          E: khenderson@sewardhenderson.com


## LCIVR 7.3(b)(ii) CERTIFICATION

I hereby certify that the above brief contains 2,264 words and was prepared in Microsoft Word 365 which generated the word count. This count is in compliance with LCivR 7.3(b)(i).

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on **Monday, March 2, 2026,** I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will send notice to all parties and attorneys of record and served upon the Kent County Sheriff's Office via electronic mail to their attorneys.

<u>/s/Lillian Nelson</u>
**SEWARD HENDERSON PLLC**