UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LYOYA,

Plaintiff,

v. Hon. Paul L. Maloney

CHRISTOPHER SCHURR et al., Case No. 1:22-cv-1160

Defendants.

**ORDER**

This matter is before the Court on Defendant's Motion for Discovery Sanctions. (ECF No. 89.) At the hearing held March 4, 2026, the motion was taken under advisement, and the parties were invited to file supplemental briefing. (ECF No. 105.) Only Defendant filed a supplemental brief. (ECF No. 110.)

For the following reasons, the Court will grant the motion in part.[1]

## I. Factual Background

The Court's scheduling order required that Plaintiff disclose his expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) by July 1, 2025. (ECF No. 63, PageID.961.) On that date, only a couple of weeks after the scheduling order was entered, Plaintiff's counsel signed and served expert disclosures identifying 13 expert witnesses:

1. Chief Thomas Tiderington (ret.), liability expert in corrections and law enforcement;

---

[1] Although this case has been stayed pending an interlocutory appeal to the Sixth Circuit, this Court nonetheless retains jurisdiction to decide the pending motion. *See Weaver v. University of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992) ("an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues in the case").

2. Scott DeFoe, expert in police practices including uses of force;
3. Andrew Scott, liability expert in law enforcement;
4. Nicholas Bloomfield, expert in police practices including uses of force;
5. Seth Stoughton, expert in policing and public safety;
6. Michael Baden, MD, damage expert in forensic pathology;
7. Allecia Michelle Wilson, MD, forensic and anatomic pathologist;
8. Gerald Shiener, MD, liability/damages expert; board certified in forensic and addiction psychiatry, amongst other specialties;
9. Sara West, MD, damage expert; board certified in psychiatry;
10. Amelia Shelton, MA, damage expert in vocational rehabilitation;
11. Michael Thomson, Ph.D., damage expert in employment and economics; and
12. Bo Milberger and Jason Evans, Knott Laboratory, LLC; forensic engineering and visualization experts.

(ECF No. 89-2, PageID.1108.) Although listed as expert witnesses that "Plaintiff may use at trial," nothing in the disclosure affirmatively informed Defendant that Plaintiff intended to call only a subset of these experts with a final decision to be made after further development of the case. Plaintiff's counsel signed the disclosure.

In the days that followed, Defendant avers that he retained 12 experts at substantial expense in reliance on Plaintiff's disclosures. (ECF No. 89, PageID.1076.) Defendant's rebuttal list was due on August 18, and Defendant disclosed those 12 experts. (ECF No. 89-3, PageID.1112-13.)

On September 9, 2025, in response to an interrogatory regarding liability experts, Plaintiff disclosed that he had consulted four liability experts (including a previously unlisted Dr. Spitz, who was deceased), although nine liability experts were listed in his Rule 26(a)(2) disclosure. (ECF No. 89-5, PageID.1119.) That interrogatory response was not initially signed. (*Id.*, PageID.1121.) On November 13, 2025, Defendant's counsel sent Plaintiff's counsel a letter asking

her to clarify the disclosures. (ECF No. 89-6, PageID.1123.) In that letter, Defendant's counsel says, "[w]hen we spoke, you indicated that you believed you could list experts in your disclosure that were not retained." (*Id.*) The record does not contain a response.

On November 14, 2025, Plaintiff served amended disclosures naming nine expert witnesses: Tiderington, DeFoe, Scott, Baden, Shiener, Shelton, Thomson, and Milberger and Evans. (ECF No. 89-9, PageID.1135.) Dr. Shiener was listed as "liability/damages." (*Id.*) Plaintiff's previous designations of Bloomfield, Stoughton, Wilson, and West were omitted. On November 15, 2025, Plaintiff served amended interrogatory responses identifying six liability experts as having been consulted: Tiderington, DeFoe, Scott, Baden, Shiener, and Spitz. (ECF No. 89-10, PageID.1138.)

On December 1, 2025, Plaintiff provided expert reports for seven witnesses: Tiderington, DeFoe, Scott, Baden, Shiener, Shelton, and Thomson. (ECF No. 89, PageID.1089.) No report was disclosed for Bloomfield, Stoughton, Wilson, West, or Milberger and Evans. Dr. Shiener's report was limited to damages and did not include an opinion on liability. (ECF No. 89-11.)

On January 5, 2026, Defendant's counsel again sent a letter to counsel for Plaintiff and stated that Plaintiff's counsel "indicated that several individuals previously disclosed as expert witnesses were not retained or consulted and are not expected to testify." (ECF No. 89-12, PageID.1173.) The letter asked Plaintiff's counsel to confirm which experts were not retained or consulted. (*Id.*) Again, the record contains no response.

Defendant claims that he was damaged and requests sanctions because Plaintiff included experts on his original list that he had not even consulted and never intended to call, and as a result, Defendant paid non-refundable retainers to experts in response to Plaintiff's disclosures. Because

Plaintiff never intended to call those experts, some of Defendant's experts were therefore altogether unnecessary.

Defendant notes that a number of the experts on Plaintiff's list had testified for the prosecution in Defendant's criminal trial. In particular, Nicholas Bloomfield and Seth Stoughton had testified as use-of-force experts. Knowing the content of their prior testimony, Defendant asserts that he retained three experts in response to Plaintiff's Rule 26(a)(2) disclosure, but that Plaintiff now indicates that he no longer intends to call Bloomfield and Stoughton.

Similarly, Plaintiff designated Gerald Shiener, M.D., as both a liability and damages expert, and Sara West, M.D., as a damages expert in psychiatry. In response to the designation of Dr. Shiener as a liability expert, Defendant says he retained Robert S. Brown, M.D., a board-certified forensic psychiatrist. Subsequently, Plaintiff dropped Dr. West entirely, and Dr. Shiener's report addressed only damages suffered by Peter Lyoya, not liability. Because Plaintiff no longer plans to call a liability expert as to psychiatric issues, Defendant's expert, Dr. Brown, is no longer necessary. Defendant indicates he incurred $10,000 in retainer fees for Dr. Brown.[2] (ECF No. 89, PageID.1090.)

For Plaintiff's part, he argues that the expert disclosures under Rule 26(a)(2) need only include experts that Plaintiff "may use" at trial and that he was not required to have consulted any of the experts before listing them. At the hearing, counsel reiterated that all of the experts listed were individuals that Plaintiff would have considered using, depending on their analysis of the case. (ECF No. 126, PageID.2661-62.) In his view, the Rule 26(a)(2) disclosures were preliminary, but could include multiple experts from whom they could choose after those experts analyzed the

[2] At another point in the briefing, Defendant states that the retainer was $12,000. (ECF No. 89, PageID.1077.) But the Court will consider the lesser amount claimed.

case (or after one of the experts gave a sufficiently supportive report, such that others were superfluous). (*Id.*)

## II. Analysis

Federal Rule of Civil Procedure 1 states that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Under Rule 26(g)(1)(A), "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name," certifying that "to the best of [counsel's] knowledge, information, and belief formed after a reasonable inquiry," the disclosures were "complete and correct as of the time [they were] made." If a certification under Rule 26 violates the rule without substantial justification "the court…must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

Rule 37(c)(1) states that

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure….

Federal courts also possess the "inherent power" "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). This inherent authority includes the power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46 (internal quotation marks omitted).

The Sixth Circuit has recognized this authority in cases involving discovery abuses. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516-18 (6th Cir. 2002).

Under 28 U.S.C. § 1927, a court may require an "attorney or other person" who unreasonably and vexatiously multiplies the proceedings to personally satisfy the excess costs those proceedings generated. The Sixth Circuit has held:

> Section 1927 sanctions can be appropriate when (1) "an attorney knows or reasonably should know that a claim pursued is frivolous," (2) "an attorney knows or reasonably should know" "that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims," *Bojicic v. DeWine*, 145 F.4th 668, 673 (6th Cir. 2025) (quoting *Hall v. Liberty Life Assur. Co. of Bos*., 595 F.3d 270, 275–76 (6th Cir. 2010)), or (3) the attorney's conduct fell "short of the obligations owed by a member of the bar to the court," *King v. Whitmer*, 71 F.4th 511, 531 (6th Cir. 2023) (quoting *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006)). This is an objective standard. *See Larry E. Parrish P.C. v. Bennett*, 989 F.3d 452, 458 (6th Cir. 2021).

*Whiting v. City of Athens, Tenn.*, 170 F.4th 439, (6th Cir. 2026). "Simple inadvertence or negligence, however, will not support sanctions under § 1927." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006). "There must be some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench could agree falls short of the obligations owed by a member of the bar to the court." *Id.* (citations omitted).

The Federal Rules of Civil Procedure anticipate that the parties will require some space and flexibility to craft their respective cases in response to discovery. Plaintiff's Rule 26(a)(2) disclosures were ordered to be made early in discovery, and it is expected that there may be some fluidity to the list of expert witnesses (and other proofs) that a party ultimately marshals for trial. That is why the rules call for supplementation of prior disclosures. Fed. R. Civ. P. 26(a)(2)(E) & (e). However, that leeway is not a license to mislead other parties or multiply the cost of proceedings.

The parties proceed as if Rule 26(g)(1)'s certification requirement applies to Rule 26(a)(2) disclosures. By the Rule's terms, it does not. Certification is required as to disclosures "under Rule 26(a)(1) and (a)(3) and every discovery request, response or objection." *See Johnson v. Bon-Ton Dep't Stores, Inc.*, 278 F. App'x 56, 59 (2d Cir. 2008) (unpub.); *Sawa v. Menard, Inc*., No. 24-cv-4727, 2026 WL 1146646, *1 (N.D. Ill. Apr. 28, 2026). Rule 26(g)(1) thus covers Plaintiff's interrogatory responses but not his expert disclosures. Likewise, Rule 37 is not a perfect fit for this circumstance. It is more focused on the *failure* to disclose a witness on which a party later intends to rely, not the overdisclosure of witnesses a party does not intend to call.

Plaintiff's counsel signed the July 1, 2025 expert disclosure identifying 13 individuals as expert witnesses Plaintiff "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). A different lawyer for Plaintiff admitted at the hearing that, in his view, it was not necessary even to have spoken with those experts before naming them, so long as they were experts that he would consider for trial. (ECF No. 126, PageID.2661.) Defense counsel's letters document similar statements. (ECF Nos. 89-6, 89-12.) Indeed, Plaintiff asserts, without citation, that "many experts may be needed throughout litigation, and it is standard practice for parties to list potential expert witnesses." (ECF No. 97, PageID.1477.) Plaintiff does not assert that this is an instance where counsel's strategy changed based on newly discovered facts or a court ruling. Rather, during the hearing, Plaintiff conceded that he had not even contacted all of the experts listed when the July 1 disclosures were made because, in his view, nothing in the rule required it. (ECF No. 126, PageID.2660-61.) Instead, Plaintiff argues that these were experts that counsel knew and had used before. He stated that he knew that Plaintiff would use one of two possible experts but did not know which one. (ECF No. 126, PageID.2661-62.) In Plaintiff's counsel's view, at that stage of discovery he was not required

to disclose which expert he would ultimately use. But that caveat certainly could have been disclosed to Defendant and never was, and Defendant incurred costs as a result of the misleading disclosure.

Counsel's suggested "standard practice" thus appears to fall short of what is required by Rule 1 and Rule 26.[3] This is not just an instance, as Plaintiff's counsel suggests, in which he ultimately decided not "to retain each and every expert that he said he 'may' call at trial pursuant to the terms of" the rules. (ECF No. 97, PageID.1485.) Instead, as counsel admitted at the hearing, Plaintiff *never* intended to call all of those experts. (ECF No. 126, PageID.2660-61.) Counsel had not even contacted them. (*Id.*) Plaintiff instead made a laundry list of potential experts, knowing that the defense would have to retain experts to respond. Then, his interrogatory responses and Plaintiff's counsel's failure to respond to Defendant's counsel's requests for clarification further muddied the waters. If Plaintiff's counsel had bothered even to note that Plaintiff was still deciding between two experts on a particular topic by listing them in the disjunctive, that would, in the Court's view, have been sufficient to satisfy their Rule 26 obligations, but they did not.

In his briefing, Plaintiff argues that the July 1, 2025, he provided were a "preliminary" Rule 26(a)(2) list as part of his initial disclosures. (ECF No. 97, PageID.1487.) Nowhere in the disclosure does it say that the list is "preliminary." Nor could it, as the Court did not order a

---

[3] Defendant lists other instances in which he believes Plaintiff has engaged in bad faith discovery practices. For the purposes of this motion, the Court need not analyze those allegations in detail. Of note, though, in his briefing, Plaintiff averred that his counsel had "not violated any rule of civil procedure." (ECF No. 97, PageID.1490.) But at the hearing, counsel admitted that Plaintiff had failed to serve third party subpoenas on Defendant before service in violation of Rule 45(a)(4). (ECF No. 126, PageID.2668.)

"preliminary" list. It ordered the disclosure of experts the party *may use at trial* pursuant to Rule 26(a)(2)(A). (ECF No. 63, PageID.962.)[4]

Plaintiff's more forceful argument hinges on the phrase "may use at trial" in Rule 26(a)(2)(A). While that phrase is ambiguous, listing experts that the party is considering but has not even contacted would open the door to a party naming a laundry list of experts that it did not intend to retain as a head fake to get the other side to spend money needlessly. The phrase "may use" cannot be meaningless.

Moreover, this is not a case where one would expect Plaintiff to be unable to formulate his case with a great deal of specificity from the beginning. The fact pattern, while tragic, is well known, particularly because there has already been a full criminal trial, at which at least some of the expert witnesses Plaintiff listed in his Rule 26(a)(2) disclosures testified. Defendant, being aware of that prior testimony, had good reason to expect that Plaintiff's disclosures were more than "preliminary" and to rely on them in crafting his rebuttal expert list. In addition, Plaintiff's interrogatory responses compounded the error, as they first omitted and then repeated the inclusion of a liability expert that Plaintiff did not intend to call for that purpose.[5] (ECF No. 89-10, PageID.1138.) The interrogatory response was required to be certified "to the best of the person's knowledge, information, and belief after a reasonable inquiry." Fed. R. Civ. P. 26(g)(1).

---

[4] Plaintiff suggests that the CMO limits depositions to fact witnesses. As the Court noted at the hearing, that is incorrect. That line in the CMO is for any limitation on the *number* of fact witness depositions, although none was set in this case. (ECF No. 63, PageID.962.) The Court did not limit expert depositions. (*See also id.*, at PageID.965.)

[5] Plaintiff notes, correctly, that some of the basis for the discrepancy between the interrogatory response and the Rule 26(a)(2) list is that Defendant only asked about liability experts, not damages experts. (ECF No. 97, PageID.1488; ECF No. 89-5, PageID.1119.)

Plaintiff argues that this Court has recognized that "[i]t is unreasonable to read Rule 26(a)(1) as requiring some sort of commitment that the party will, or even might, call the person at trial[.]" *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2009 WL 1228680, at *3 (W.D. Mich. Apr. 30, 2009). But Rule 26(a)(1) deals with initial disclosures not expert disclosures.

Although the Court agrees that Plaintiff's counsel's conduct did not comply with the Rules' requirements, it also acknowledges that the parties have not cited, and the Court has been unable to find, any case law directly on point. Defendant cites *Saunders v. Lucy Webb Haynes-National Training School for Deaconesses & Missionaries*, 124 F.R.D. 3 (D.D.C. 1989), in which plaintiff's counsel designated a treating physician as an expert witness who "will testify" on plaintiff's behalf, without having confirmed that the physician had ever agreed to do so, was retained, or had even been asked. *Id*. at 6. When defendants attempted to schedule a deposition, the physician explained that he had never agreed to testify and had made no such commitment. *Id*. Applying Rule 11's reasonable-inquiry standard, the court held that sanctions were mandatory because counsel had "plainly made no real inquiry into Dr. Mathew's intent to testify, or even into what the content of his testimony may be, or on what terms he would agree to testify." *Id*. at 7-8. Although, there, counsel's representation was that the expert witness "will testify," rather than the "may use at trial" representation at issue here, *Saunders* supports the conclusion that listing expert witnesses and topics without having even consulted with the expert does not satisfy the reasonable inquiry standard.

Where a rule was violated, the question becomes: what sanction? Some of Defendant's claimed prejudice is overstated. As Plaintiff correctly notes, Defendant would have retained an expert witness to rebut Plaintiff's expert testimony on forensic pathology, regardless of whether it

was offered by one or three experts. (ECF No. 97, PageID.2655-56.) Although Defendant reasonably argues that he might have retained different experts who better aligned with the experts Plaintiff ultimately chose (ECF No. 126, PageID.2665-67), and certainly the Court agrees that Plaintiff should not have listed experts his counsel never consulted, Defendant has not demonstrated additional expense with sufficient certainty on the record before the Court. Defense counsel conceded at the hearing that she intended to call most of the experts she retained at trial.

Defendant's cost argument has more force where Plaintiff's disclosures and interrogatory response designated an expert and area of testimony that he never intended to offer at all. Here, Defendant primarily focuses on the unnecessary cost of Dr. Brown's retainer and report. Defendant argues that he only retained Dr. Brown because Plaintiff disclosed Dr. Shiener as both a liability and damages expert when he did not intend to call him as a liability expert. Indeed, Dr. Shiener testified that he was never asked to offer a liability opinion. (ECF No. 110-2, PageID.1724-25.) Plaintiff has now indicated that he does not intend to call any forensic and addiction psychiatry expert on the issue of liability. When Plaintiff served his interrogatory responses listing liability experts on September 9, 2025, Dr. Shiener was not on the list. Arguably that could have given Defendant notice that Plaintiff did not intend Dr. Shiener as a liability expert. However, by the time the first interrogatory responses were served, Defendant had already been required to serve his expert list and thus had had to retain Dr. Brown. Moreover, in the interrogatory response served on November 15, 2025, Dr. Shiener *is* listed as an expert Plaintiff consulted on liability. (ECF No. 89, PageID.1089; ECF No. 89-10, PageID.1138.) On November 14, 2025, Plaintiff's updated disclosure still listed Dr. Shiener as a liability/damages expert. (ECF No. 89-9, PageID.1135.) On February 20, 2026, Dr. Shiener testified that he was not asked to testify regarding liability. (ECF No. 110-2, PageID.1723-24.)

Plaintiff's counsel thus made no effort to correct the disclosure stating that Dr. Shiener would testify as a liability expert. At the hearing, counsel suggested that it was an "oversight" that Dr. Shiener was listed as a liability expert in the Rule 26(a)(2) disclosure but then, when pressed, also admitted that it was a mistake that Dr. Shiener was included as a liability expert again in the November interrogatory response and updated Rule 26(a)(2) disclosure. (ECF No. 126, PageID.2665-67.) Although Plaintiff correctly notes that, by November, Dr. Brown had already been retained (and the retainer spent) (*id.* at PageID.2666-67), that does not relieve Plaintiff of the obligation to correct his disclosures promptly. Plaintiff's counsel admits the Rule 26(a)(2) disclosure was a mistake (*id.* at PageID.2665-66), and that mistake cost Defendant at least $10,000. At the hearing, Defendant's counsel noted that, based on the interrogatory response, she asked Dr. Brown to write a report on liability. (ECF No. 126, PageID.2650.)

The Court recognizes that the "may use" language provides some space for the parties to continue to refine their case, and the Court does not find that Plaintiff's counsel's conduct was in bad faith, vexatious, wanton, or for oppressive reasons, so as to invoke the Court's inherent authority or 28 U.S.C. § 1927. However, in this instance, counsel's repeated "oversight" in continuing to include Dr. Shiener in Plaintiff's disclosures and interrogatory response without any intention of calling him as a liability expert, even after inquiry from Plaintiff's counsel, as well as the improper certification of the November 15, 2025 interrogatory response that listed Dr. Shiener as a liability expert, does call for a sanction in the amount of at least a portion of the resulting costs.

As such, the Court will order Plaintiff's counsel to pay the cost of Dr. Brown's unnecessary retainer: $10,000. Counsel is to make payment within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: September 25, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge