**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PETER LYOYA as the
Personal Representative for
THE ESTATE OF PATRICK LYOYA
(deceased),

*Plaintiff*,

v.

CHRISTOPHER SCHURR and
~~THE CITY OF GRAND RAPIDS~~,
*Defendants*.

Case No. 1:22-CV-1160

Hon. Paul L. Maloney
Mag. Judge Sally J. Berens

---

VEN R. JOHNSON (P39219)
AYANNA D. HATCHETT (P70055)
**VEN JOHNSON LAW, PLC.**
Attorneys for Plaintiff
1240 Woodward, #525
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com
ahatchett@venjohnsonlaw.com

T. JOSEPH SEWARD (P35095)
KALI M. L. HENDERSON (P76479)
**SEWARD HENDERSON, PLLC.**
Attorneys for Defendants
210 East. 3rd Street, Ste 212
Royal Oak, MI 48067
(248) 733.3580
jseward@sewardhenderson.com
khenderson@sewardhenderson.com

---

# PLAINTIFF'S APPEAL PURSUANT TO 28 U.S.C. § 636(b)(1)(A) and L.R. 72.3(a) OF THE MAGISTRATE'S GRANT OF DEFENDANT SCHURR'S MOTION FOR DISCOVERY SANCTIONS

---

Plaintiff, Peter Lyoya, as the Personal Representative for the Estate of Patrick Lyoya (deceased), by and through his counsel, Ven Johnson Law, PLC, brings this appeal of the magistrate judge's opinion and order granting Defendant's motion for

discovery sanctions. For the reasons set forth in the brief in support, Plaintiff respectfully requests that the decision of the magistrate judge be reversed as it relates to any sanction imposed against Plaintiff or his counsel.

Respectfully submitted,

**VEN JOHNSON LAW, PLC**.

By: *<u>/s/ Ayanna D. Hatchett</u>*
AYANNA D. HATCHETT (P70055 )
Counsel for Plaintiff
Ven Johnson Law, PLC
1240 Woodward Ave, #525
Detroit, MI 48226
(313) 324.8300
ahatchett@venjohnsonlaw.com

Dated: October 9, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PETER LYOYA as the
Personal Representative for
THE ESTATE OF PATRICK LYOYA
(deceased),

*Plaintiff*,

v.

CHRISTOPHER SCHURR and
~~THE CITY OF GRAND RAPIDS,~~

*Defendants*.

Case No. 1:22-CV-1160

Hon. Paul L. Maloney
Mag. Judge Sally J. Berens

---

VEN R. JOHNSON (P39219)
AYANNA D. HATCHETT (P70055)
**VEN JOHNSON LAW, PLC.**
Attorneys for Plaintiff
1240 Woodward Ave, #525
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com
ahatchett@venjohnsonlaw.com

T. JOSEPH SEWARD (P35095)
KALI M. L. HENDERSON (P76479)
**SEWARD HENDERSON, PLLC.**
Attorneys for Defendants
210 East. 3rd Street, Ste 212
Royal Oak, MI 48067
(248) 733.3580
jseward@sewardhenderson.com
khenderson@sewardhenderson.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS APPEAL PURSUANT TO 28 U.S.C. § 636(b)(1)(A) AND L.R. 72.3(a) OF THE MAGISTRATE'S GRANT OF DEFENDANT SCHURR'S MOTION FOR DISCOVERY SANCTIONS**

---

# TABLE OF CONTENTS

Introduction .......... 1

Statement of Facts .......... 1

Standard of Review .......... 7

Law and Argument .......... 8

Conclusion .......... 13

Certificate of Compliance .......... 15

Certificate of Service .......... 15

## ISSUE PRESENTED

I. Whether the magistrate judge erred in holding that Defendant is entitled to sanctions where he offered no legal support for his interpretation of the requirements of Fed. R. Civ. Proc. 26(a)(2)(A) and where no authority establishes that counsel's conduct was improper.

# MOST APPROPRIATE AUTHORITIES

Federal Rule of Civil Procedure 26

*El Camino Resources, Ltd v Huntington Nat'l Bank*, 1:07-cv-00598, 2009 U.S. Dist. LEXIS 36704 (W.D. Mich 2009)

## INTRODUCTION

The magistrate judge held Defendant's motion for sanctions in abeyance following the hearing held on March 4, 2026. Since that hearing, the parties completed discovery, received a ruling from this Court on Defendant's dispositive motion (ECF No. 122), attended a settlement conference, and entered a stipulated order to stay these proceedings (ECF No. 128) when Defendant filed his notice of appeal (ECF No. 124).

Then, Plaintiff was sanctioned $10,000.00 for disclosing the experts he "may" call at the time of trial. (ECF No. 129). Specifically, the magistrate judge held that while the applicable federal rule of civil procedure provided that counsel should list all witnesses that "may" be called at the time of trial, the court nonetheless believed counsel's identification of Dr. Sheiner was improper where he would ultimately not testify to liability and that counsel was obligated to pay $10,000 in sanctions as a result of the expense incurred by the defense when it retained its own expert witness in alleged response to Plaintiff's listing of Dr. Sheiner.

## STATEMENT OF FACTS

This case tragically goes back almost four years to when Patrick Lyoya was killed by Defendant Christopher Schurr ("Schurr") on April 4, 2022. Plaintiff's complaint and amended complaint were filed on December 7, 2022. (ECF No.2).

In the two years and five months leading up to the start of discovery, this case went up to the Sixth Circuit Court of Appeals and the murder charges against Schurr for Patrick's death were adjudicated.

Both Schurr and his former employer, the City of Grand Rapids, were named as Defendants in Plaintiff's complaint. This court granted the motion to dismiss filed by Grand Rapids and denied the same motion that was filed by Schurr.

Schurr's appeal to the Sixth Circuit Court of Appeals was dismissed for lack of jurisdiction (ECF No. 47). A petition for writ of certiorari was filed on January 21, 2025 (ECF No.51) and denied by April 21, 2025 (ECF No. 56). Subsequently, Schurr filed a second motion for summary judgment following discovery, which was likewise denied by this Court.

Plaintiff will discuss the absence of law for defendant's motion below, but will first outline some of the relevant moments in the procedural history of this litigation. While the list of procedural facts, noted below, show that Plaintiff's counsel has fully participated in the discovery process consistent with the terms and spirit of the Federal Rules of Civil Procedure, the same relevant facts fail to indicate anything other than defense counsel's questionable motives:

- **June 11, 2025**. The parties submitted their Joint Status Report to the Court. (ECF No. 61). Sub-paragraph 8(b), under "Disclosures and Exchanges," read, "Plaintiff expects to be able to *preliminarily furnish*

the names of his expert witness(es) by July 1, 2025. Defendant hasn't yet determined when he will be able to furnish the same." (PageID.955)[emphasis added].

- **June 20, 2025**. Following counsel's Rule 16 conference, this Court issued its Case Management Order (ECF No. 53) which notably aligned the deadline to disclose expert witnesses for trial with the filing deadline for the Final Pretrial Order, which was set for *seven days before the parties' final pretrial conference*. (PageID.964-965)[emphasis added]. At the time of this appeal, the seven-day deadline remains remote.

- **July 1, 2025**. Plaintiff produced his Initial Disclosures to the defendant with the following "preliminary" list of 12 expert witnesses that "Plaintiff may use" at trial:

  1. Chief Thomas Tiderington (ret), liability expert in corrections and law enforcement.
  2. Scott DeFoe, expert in police practices including uses of force
  3. Andrew Scott, liability expert in law enforcement.
  4. Nicholas Bloomfield, expert in police practices including uses of force
  5. Seth Stoughton, expert in policing and public safety
  6. Michael Baden, MD; damage expert in forensic pathology.
  7. Allecia Michelle Wilson, MD, forensic and anatomic pathologist
  8. Gerald Shiener, MD; liability/damages expert; board certified in forensic and
  addiction psychiatry, amongst other specialties.

9. Sara West, MD; damage expert; board certified in psychiatry.
10. Amelia Shelton, MA; damage expert in vocational rehabilitation.
11. Michael Thomson, Ph.D.; damage expert in employment and economics.
12. Bo Milberger and Jason Evans, Knott Laboratory, LLC; forensic engineering and visualization experts. (PageID.1511).

- **July 25, 2025**. Defendant served his only set of discovery requests on Plaintiff with *16 interrogatories and 23 requests* for production. Of those 16 interrogatories, Defendant devoted one interrogatory to experts in which Plaintiff was asked to limit his response to the liability experts he had consulted. (PageID.970).

- **August 18, 2025**. Plaintiff was served with Defendant's First Expert Disclosure in which Defendant listed the names, addresses, and specialties of 12 experts. Those listed were experts in forensic and investigation engineering; human factors psychology; vocational; bioelectricity/biomechanic engineering; forensic/clinical/anatomical pathology; police procedures/law enforcement training and research; forensic accounting and economics; human performance/exercise science; forensic psychiatry; incident/shooting reconstruction; forensic video and image analysis; police practices and procedures. (PageID.1515-1518).

- **September 5th and 9th, 2025.** Plaintiff's First Discovery Responses were served on Defendant with a shared-drive link and an index to Plaintiff's produced records. In response to *Defendant's Interrogatory #10*, Plaintiff's list of liability experts included- Retired Chief Thomas Tiderington; Retired Chief Andrew Scott; Retired Detective/Officer Scott Defoe; and Dr. Werner Spitz, MD (deceased)*. Notably, Dr. Gerald Shiener was not listed. (PageID.1521-1523;1525-1526;1534).
- **November 14th and November 15th 2025**. In response to defense counsel's email that suggested Plaintiff "amend" or "supplement" his discovery responses (ECF No. 89-6, PageID.1123), Plaintiff produced the first of his amended responses through a shared-drive link of records with a corresponding record index on November 14th. (PageID.1562). Then, on November 15th, Plaintiff produced his amended initial disclosures together with his amended responses to interrogatories and requests for production which further delineated Plaintiff's list of proposed experts. (PageID.1564-1569).
- **December 1, 2025**. As ordered, the parties exchanged their expert reports. Plaintiff produced reports for the following experts: Scott

* At Plaintiff counsel's request, Dr. Werner Spitz, MD conducted a second autopsy of Patrick Lyoya's body on April 16, 2022. Dr. Spitz's autopsy records and report were accordingly produced to the defendant for this action in September of 2025.

DeFoe; Thomas Tiderington; Dr. Michael Baden, MD; Dr. Michael Thomson, PhD; Amelia Shelton; and Dr. Gerald Shiener, MD. (PageID1571-1575).

- **February 20, 2026**. Defendant took his first deposition of one of Plaintiff's experts- Dr. Gerald Shiener, MD (forensic psychiatry). Though the case management order restricts depositions to "fact witnesses," Defendant insists on taking Plaintiff's expert's discovery depositions.
- **February 24, 2026**. Defendant conducts his second deposition of one of Plaintiff's experts- Dr. Michael Baden, MD (forensic pathology).

Plaintiff's counsel participated fully in the discovery process in this case, which was extensive. Counsel has not violated a single order of this Court, nor was there any such allegation in Defendant's motion. Counsel has likewise not violated any rule of civil procedure, has not run afoul of a single piece of legal authority cited by Defendant, and has endeavored to litigate this gravely important and tragic case with civility.

Despite the above, Defendant ultimately filed a motion for sanctions against Plaintiff, asserting that Plaintiff had engaged in discovery violations. Specifically, Defendant asserted (among other things), that Plaintiff's counsel listed a particular witness, Dr. Gerald Sheiner, on his witness list on the topic of liability. Dr. Sheiner

will not be testifying at trial regarding liability, but instead will be testifying as to damages. Defendant argued that in reliance on Plaintiff's disclosure of that witness, his counsel elected to retain a comparable witness for the purposes of rebuttal regarding liability. Defendant argued that he wrongfully incurred expense as a result of that decision.

Now, for the reasons set forth below, Plaintiff appeals that decision.

## LEGAL STANDARD

A district court's decision regarding whether sanctions should be imposed is a matter of discretion. *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 516 (6th Cir. 2002). "The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error: 'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Highmark Inc. v. Allcare Health Mgmt. Sys*., 134 S. Ct. 1744, 1748 n.2, 188 L. Ed. 2d 829 (2014) (quoting *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)).

## LAW AND ARGUMENT

### I. This Court should not adopt Magistrate Judge Berens's sanctions order.

Judge Berens's order requiring Plaintiff's counsel to pay the cost of Dr. Brown's $10,000 retainer should be reversed as it amounted to an abuse of discretion. Despite acknowledging that there is not "any case law directly on point[,]" (ECF No. 129, PageID.2687), and though the Federal Rules of Civil Procedure compel the exact opposite result, Judge Berens *still* ordered Plaintiff's counsel to pay for an expert defense counsel retained on her accord. That was an error.

Judge Berens's order focuses on three of Plaintiff's filings:

(1) **July 1, 2025:** Plaintiff's Rule 26(a)(2) expert-witness disclosures in which Plaintiff listed Dr. Shiener as "liability/damages" expert that he "may use at trial[,]" Fed. R. Civ. P. 26(a)(2)(A). (ECF No. 89-2, PageID.1108).

(2) **November 14, 2025**: Plaintiff's Rules 26(a)(1) and 26(a)(2)(A) first amended disclosures in which Plaintiff again listed Dr. Shiener as a "liability/damages" expert that he, again, "may use at trial[,]" Fed. R. Civ. P. 26(a)(2)(A). (ECF No. 89-9, PageID.1135).

(3) **November 15, 2025:** Plaintiff's first amended responses to Defendant's first set of interrogatories and requests for production in which Plaintiff

identified Dr. Shiener as an expert that he "consulted . . . regarding the liability aspects of this case. . . ." (ECF No. 89-10, PageID.1138).

Because Plaintiff does not plan to call Dr. Shiener as a liability expert, Judge Berens concluded that these filings were misleading and Plaintiff should be sanctioned as a result. That is wrong.

### A. Fed. R. Civ. P. 26(a)(2)(A) requires that a party list experts they "*may*" call at trial.

Fed. R. Civ. P. 26(a)(2)(A) provides: "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it *may* use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." (emphasis added.)

The operative word there is "may." The word "implies discretion," as opposed to "shall," which "usually connotes a requirement." *Kingdomware Technologies, Inc. v. United States*, 579 U.S. 162, 171 (2016). The notion that disclosures made under the rule somehow required Plaintiff to use an expert on the list is therefore mistaken. And that's made all the more so on the particular facts of this case: Plaintiff still intends to call Dr. Sheiner to testify at trial, his testimony will just be limited to damages and not liability.

Yet Judge Berens somehow interpreted Rule 26(a)(2)(A)'s use of the phrase "may use at trial" as "ambiguous." (ECF No. 129, PageID.2686). It's unclear how that could be. No case has ever said it, nor did Judge Berens provide an explanation.

Instead, the phrase is plain and easily understood, and the only relevant authority that could be applied makes that clear. *See Kingdomware Technologies*, 579 U.S. at 171.

At bottom, these disclosures are intended to be preliminary and allow some leeway for a litigant to make decisions as a case proceeds through discovery. Indeed, this Court has made that very observation in an opinion written by Magistrate Judge Scoville:

> [T]he disclosures required by Rule 26(a)(1) are expressly "initial" disclosures, not witness lists for trial. For that reason, this court routinely requires initial disclosures very early in the case, often within thirty days of the Rule 16 conference. *It is unreasonable to read Rule 26(a)(1) as requiring some sort of commitment that the party will, or even might, call the person at trial*; that is the function of the "Pretrial Disclosure" of witnesses required by Fed. R. Civ. P. 26(a)(3). The distinct purpose of the initial disclosure is to alert the opponent to the existence of a witness whose testimony may be helpful to the disclosing party. Far from seeking to impose a more rigorous disclosure burden on parties, the 2000 amendments were designed to "narrow" the scope of the disclosure obligation.

*El Camino Resources, Ltd v. Huntington Nat'l Bank*, 2009 U.S. Dist. LEXIS 36704 (W.D. Mich., Apr. 30, 2009), at *10. Judge Berens correctly noted that *El Camino* deals with Rule 26(a)(1), not Rule 26(a)(2)(A). But that sidesteps the pertinent point: Plaintiff was unable to find *any* case in this jurisdiction adjudicating a sanctions request like this; and the only case he could find, albeit applying a different but similar rule, *see* Rule 26(a)(1)(A)(i), (ii) ("*may use* to support its claims") (emphasis added), holds that disclosures made early in a case are not trapped in amber. Plaintiff

agrees wholeheartedly with Judge Berens that the phrase “may use” “cannot be meaningless[,]” (ECF No. 129, PageID.2686), but it’s ultimately *Judge Berens’s* interpretation of the rule that would lead render the rule’s use of the word “may” nugatory. If a party could be sanctioned for listing an expert that they later decide not to call, the word “may” really means “will.”

Judge Berens used another puzzling justification for imposing the sanctions order. This case is atypical, in Judge Berens’s view, because the fact pattern here is “well known” and there has been a “full criminal trial, at which at least some of the expert witnesses Plaintiff listed . . . testified.” (ECF No. 129, PageID.2686). That being the case, Defendant apparently had “good reason to expect that Plaintiff’s disclosures were more than ‘preliminary[.]’” (*Id.*).

That makes little sense. Plaintiff is no way bound by anything that went on in Defendant’s criminal trial, nor is he required to shape his trial strategy here in a way that resembles the prosecution’s in the criminal case. Why the Court would read into the federal rules a special provision for cases with a previous criminal (or non-criminal) element is unclear. Nor is it clear why defendants should receive such a consideration when the federal rules speak for themselves and should be applied evenly, across all cases. And worse still, the point doesn’t even hold up in this scenario: Dr. Sheiner did not testify at the criminal trial. So even if Defendant did have “good reason” to suspect some crossover between the criminal and civil trials—

or "good reason" to surmise that Plaintiff's initial disclosures were more than preliminary—Judge Berens never explained how this atextual, quasi-consideration in the federal rules applied to Dr. Sheiner.

One of the cases Judge Berens and Defendant relied on proves the ultimate point. In *Saunders v. Lucy Webb Haynes-National Training School for Deaconesses & Missionaries*, 124 F.R.D. 3, 6 (D.D.C. 1989), the plaintiff's counsel designated a treating physician as an expert who "will testify" for the plaintiff, without having confirmed such testimony with the physician. The court sanctioned counsel because he failed to inquire into the physician's intent to testify or what the content of any testimony would be if he did in fact testify. *Id.* at 7-8. Judge Berens concluded that *Saunders*'s conclusion supports the notion that sanctions are warranted here.

But *Saunders* is different from this case in the most critical aspect: the representation to opposing counsel there was an affirmative "will testify"—while the representation here was that Dr. Sheiner "may" provide expert testimony on both liability and damages. Thus, to the extent *Saunders* is relevant to this case at all, it simply lends support to Plaintiff's reliance on Rule 26(a)(2)(A)'s explicit use of the term "may" rather than "shall" or "will."

At bottom, Plaintiff's decision on whether to retain an expert on any particular subject is for Plaintiff to make. The same is true of Defendant. Defense counsel is an experienced civil litigation firm that regularly defends 42 U.S.C. § 1983 cases for

municipal defendants and employees. It has presumably reviewed the same evidence Plaintiff has in order to make assessments on how best to present its defense in this case. Defense counsel is responsible for the experts she hires and whether she's willing to pay those experts' rates. Yet what she seeks to do here—and what Judge Berens has allowed—is to unload on Plaintiff's counsel litigation expenses she incurred on behalf of her own client, on her own accord. Judge Berens's order punishes Plaintiff's counsel for avoiding trial by ambush. It punishes Plaintiff's counsel for *providing*, rather than *concealing*, information. It rewards defense counsel's exceedingly inflammatory rhetoric, both in court filings and elsewhere. And it does so in direct contravention of the plain language of the federal rules.

In sum, Defendant's request has no basis, and Judge Berens's order is unfounded. This Court should not adopt it.

## CONCLUSION

For the reasons that are set forth above, Plaintiff respectfully requests that this honorable Court deny this motion in all regards. As is explained in the brief in support of this appeal, Plaintiff acted in accordance with the Federal Rules of Civil Procedure. While there was not a single piece of authority (despite the innumerable cases that have been litigated under those rules) that established Plaintiff did anything improper. Moreover, there was authority from this Court expressly stating that the position offered by this Defendant was unreasonable where offered by a

different defendant in a different case. Despite the fact that no authority placed Plaintiff on notice that his conduct was improper, the magistrate judge took the extraordinary step of sanctioning counsel.

By reaching a decision that is quite literally without precedent, the magistrate judge abused her discretion. Her decision should be reversed.

Respectfully submitted,

**VEN JOHNSON LAW, PLC**.

By: */s/ Ayanna D. Hatchett*
AYANNA D. HATCHETT (P70055 )
Counsel for Plaintiff
Ven Johnson Law, PLC
1240 Woodward Ave, #525
Detroit, MI 48226
(313) 324.8300
ahatchett@venjohnsonlaw.com

Dated: October 9, 2026

**CERTIFICATE OF COMPLIANCE**

I hereby affirm that this brief is in compliance with LCivR7.2(b)(i) and contains 2,918 words in the Times New Roman Font, 14 point, and generated in Microsoft Word processing software, version 2012.

*/s/ Ayanna D. Hatchett*
AYANNA D. HATCHETT

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 9, 2026, a copy of the forgoing document was served upon the attorneys of record in the above cause, by e-filing it on the Court's ECF system.

*/s/ Liza Dodson*
LIZA DODSON